**In re CHASE & SANBORN CORP. f/k/a General Coffee Corp., et al., Debtor(s).**

**Paul C. NORDBERG, Creditor Trustee, Plaintiff,**

v.

**NEW ORLEANS PUBLIC SERVICE, INC., Defendant.**

Bankruptcy No. 83–00889–BKC–TCB.
Adv. No. 85–0694–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 2, 1985.

Michael Pappone, Goldstein & Manello, Boston, Mass., for plaintiff.

Joel Aresty, Blank, Rome, Comisky & McCauley, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff liquidating trustee under a confirmed chapter 11 plan seeks avoidance under 11 U.S.C. § 547(b) of alleged preferential transfers in the amount of $104,000 made by the debtor to the defendant. Defendant has answered and the matter was tried on July 11.

The answer presents a number of affirmative defenses questioning this court's jurisdiction. Defendant has not pursued these defenses, which do not merit further comment.

The facts are essentially undisputed. Defendant provided gas and electrical service to the debtor's coffee plant in New Orleans. During the 90 days preceeding commencement of this bankruptcy case on May 18, 1983, defendant received three payments from the debtor. Plaintiff concedes that each of the first two payments, which totalled $81,862 were followed by provision of unsecured credit extended by defendant and therefore are not avoidable because of § 547(c)(4) and perhaps other reasons as well.

The third and last payment by the debtor to defendant during the preference period was an April 27, 1983 check in the amount of $99,354. That check bounced and defendant did not receive any payment until May 11, 1983 and then only to the extent of $85,000. Thereafter, defendant furnished additional gas and electricity for seven days. This record does not furnish any precise measure of the quantity or value of that additional service, and the way which utility services are billed make it impossible to make that determination with precision. If, however, the defendant's final bill covering the period from April 22 to May 18 is prorated to provide a reasonable estimate of the value of the service rendered during the seven days in question, that additional service was worth $20,000. Under the circumstances I accept that valuation.

Plaintiff has established his standing to bring this action as well as each of the five elements of a voidable preference specified in § 547(b) with reference to the $85,000 payment by the debtor described above. The sole issue raised by the defendant is how much of that $85,000 payment is protected under the subsequent advance affirmative defense contained in § 547(c)(4). Defendant has argued that the $85,000 transfer occurred on April 27, the date of the debtor's check for a larger sum which bounced. I disagree. For the purposes of § 547(c)(4), the "transfer" of the $85,000 ultimately received by defendant occurred on May 11, 1983, the date that sum was transferred by wire to defendant. *Nicholson v. First Investment Co.*, 705 F.2d 410, 413 (11th Cir.1983); *McClendon v. Cal-Wood Door (In re Wadsworth Building Components, Inc.)*, 711 F.2d 122 (9th Cir.1983); *Vineyard v. Abel (In re Quality Holstein Leasing, Inc.)*, 46 B.R. 70 (Bankr.N.D.Tex.1985).

Judge Herschner's excellent analysis of the application of § 547(c) to transactions between debtors and utility companies, which is contained in *Tidwell v. Atlanta Gas Light Co. (Matter of Georgia Steel, Inc.)*, 38 B.R. 829 (Bankr.M.D.Ga.1984) is most persuasive to me. I agree with him that:

"in applying § 547(c)(4), the date the new value was actually received by a debtor must be used rather than the date of the meter reading." *Id.* at 838.

 Judge Herschner denied the gas company any recovery whatsoever on its § 547(c)(4) defense, because it had failed to provide any specific proof of how much gas was actually consumed after payment was received. I believe that result to be unnecessarily harsh, at least for the purposes of the case before me. It is undisputed that this utility furnished additional valuable service for seven days after it received the $85,000 in question. There is no way that anyone could prove with precision the precise value of that service, but there is every reason to infer that the value of that service is the prorated sum of $20,000 noted above. I am satisfied, therefore, that the defendant is entitled to a credit under § 547(c)(4) in that amount against the $85,-000 transfer it received.

It follows that plaintiff is entitled to a judgment in the amount of $65,000 against the defendant for the recovery of a transfer avoidable under § 547(b). As is required by B.R. 9021(a), a separate judgment will be entered in that amount. Each party shall bear its own costs.