596

George L. Gillham et al., Appellants, v. Helen E. Troeckler, Appellee.

Heard in this court at the October term, 1939. Opinion filed January 22, 1940.

HILES & NEWELL, of Edwardsville, for appellants.

L. H. HOLLAND, of Wood River, and WILBUR A. TRARES, of Edwardsville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order or judgment of the circuit court of Madison county, Illinois entered on December 30, 1938, which vacated and set aside a judgment by confession which had been entered on May 3, 1938.

On May 3, 1938, the plaintiffs appellants, George L. Gillham, Gustave Bangert, Elmer G. Wolf, B. T. Albers, R. McGowen and Leonard Hoehn (hereinafter referred to in this opinion as plaintiffs), secured a judgment on a *narr and cognovit* against Helen E. Troeckler, defendant appellee (hereinafter referred to in this opinion as defendant), in the sum of $4,445. This judgment was predicated upon a promissory note

drawn in favor of the Bank of Edwardsville, for the principal sum of $3,800, dated April 6, 1937, and due six months thereafter. There appeared on the face of said note as makers of said note, all of the plaintiffs herein, and Helen E. Troeckler, defendant herein, and Harry G. Troeckler, who is now deceased, and one Ray Koesterer, who is not a party to this suit. The face of the note bears the following stamp or indorsement in two places, ''Paid by renewal, November 2, 1937''; on the reverse side of said note there appears the following indorsement, ''Nov. 2, 1937, Paid 6 Mos. Int. to Oct. 6, 1937 $114.00 By the Co-makers of this note,'' and there also appears on the back of said note an assignment, which is as follows: ''This note having been paid by renewal note signed only by Ray Koesterer, Gustav H. Bangert, Ben T. Albers, Elmer G. Wolf, George L. Gillham, Leonard Hoehn, Richard McGowan, accommodation signers for $3,800.00, and they having paid interest of $114, this note, for value received, is hereby delivered and assigned to the above named accommodation signers, without recourse. Signed, The Bank of Edwardsville, Edwardsville, Illinois by Leo W. Dustmann, Cashier.'' The record discloses that the plaintiffs herein, together with Ray Koesterer, executed a new note dated October 6, 1937, for $3,800, and delivered the same to the Bank of Edwardsville as payee, and on November 2, 1937, the payee, the Bank of Edwardsville, accepted the new note, or renewal note, as payment of the original note and surrendered the original note.

On the 4th day of May, 1938, the affidavit of Emma Werner Wolf was filed in the office of the clerk of the circuit court of Madison county, Illinois, which set out the securing of the judgment hereinbefore set forth, and the issuance of an execution thereon, and the return of said execution ''No property found,'' and that she believed the Metropolitan Life Insurance Company to be indebted to Helen E. Troeckler and to have effects of said Helen E. Troeckler in its possession, cus-

tody, and charge, and prayed that the Metropolitan Life Insurance Company be summoned personally to be and appear before the court on the 6th day of June, 1938 as garnishee, agreeable to law.

On the 2nd day of June, 1938, an answer was filed on behalf of Christ Hackethal, setting up his claim to the proceeds of the insurance policies sought to be garnisheed by Emma Werner Wolf, and on the same date, an answer was filed on behalf of one Harry Marks wherein he claimed an interest in the proceeds of said insurance policies by reason of having rendered services and furnished materials in connection with the burial of Harry G. Troeckler.

On the 3rd day of June, 1938, a motion to vacate the judgment heretofore rendered against her on May 3, 1938 was filed on behalf of Helen E. Troeckler, and as grounds for said motion she set forth, with other reasons, that the court was without jurisdiction to render a judgment at the time and in the manner said judgment was rendered; and that the note on which judgment had been confessed was marked on its face, "Paid by renewal, November 2, 1937"; and that the defendant signed the note as a surety with the plaintiffs herein and one Ray Koesterer; and that she had never received any part of the money for which the note was given; and that said note showed that it had been fully paid by a renewal note and thereby became fully extinguished; and that the alleged assignment on the back thereof was wholly without consideration; and that the warrant of attorney did not authorize one or any of the cosigners of said note to confess a judgment against another cosigner; and that said warrant of attorney of the defendant became absolutely void and inoperative when the note was discharged and satisfied by the original payee, the Bank of Edwardsville; and that the plaintiffs have no right or cause of action to maintain a suit on the note, but may only, if at all, sue for contribution; and that Ray Koesterer, one of the joint assignees, was not made a party to

this cause; and that the plaintiffs are estopped by operation of law from maintaining their action because there is an implied contract between all of the cosureties to the note that each shall bear the burden equally and, therefore, one or more of the cosureties may not maintain a suit against another or others of the cosureties for the full amount of the obligation; and that she has a good and meritorious defense to said suit; and to support her position she files with her motion the affidavits of herself and Ray Koesterer; and she, in said motion, prayed that the judgment be vacated for want of jurisdiction and the suit dismissed, and in the event such relief was not granted to her, that the judgment be vacated and the defendant permitted to file her answer. In support of said motion to have said judgment vacated, Helen E. Troeckler filed therewith her affidavit, and also the affidavit of Ray Koesterer.

On September 13, 1938, a motion to vacate the judgment entered on May 3, 1938 was filed on behalf of Christ Hackethal, and with same was filed the supporting affidavit of Helen E. Troeckler, and in said motion said Christ Hackethal claims to be entitled to the proceeds of the life insurance policies sought to be garnisheed, as an assignee of Helen Troeckler, who was named as the beneficiary therein.

On September 23, 1938, a motion to strike the motion and affidavit of Christ Hackethal was filed by the plaintiffs herein, and on the same date the court heard the motion to open, or to vacate the judgment rendered on May 3, 1938, and also the motion to strike said motion filed by Christ Hackethal, and took said matters under advisement. On December 30, 1938, the court allowed the motion to vacate the judgment by confession entered on May 3, 1938, and said judgment was on said date vacated and set aside and held for naught; and on the same date the court denied the motion to strike the original motion to vacate the judgment. An exami-

nation of the transcript in this case discloses that no counter-affidavits were filed in this case.

It is contended by the plaintiffs herein that they, and Ray Koesterer, signed the note in question as accommodation signers, with Helen E. Troeckler and Harry G. Troeckler as principals thereon, and that having paid said note to the payee therein named by giving said payee a new note, and having taken an assignment of the old note, that they can now take judgment by confession against the defendant herein. With this contention we cannot agree, nor has any authority been called to our attention that gives that right. The plaintiffs herein, having paid the note, cannot now sue the defendant herein on said note as suit may not be maintained on the note by one comaker who has paid the note, or to whom it has been assigned, against another comaker (11 Corpus Juris, sec. 750; *Gillett v. Sweat*, 1 Gilman (Ill.) 475; *Snell v. Davis*, 149 Ill. App. 391; *Curley v. Ford*, 168 Ill. App. 525). The redress afforded a comaker is not on the instrument itself, but is based on an implied contract for indemnity or contribution (*Trego v. Estate of Cunningham*, 267 Ill. 367).

An application to vacate a judgment by confession where the record shows such judgment to be void is not an application to the equitable powers of the court, and it is not necessary for the mover to file an affidavit of merits, or make defense upon the merits, but he need only to call the attention of the trial court to the lack of jurisdiction to enter the judgment (*Genden v. Bailen*, 275 Ill. App. 382; *Solomon v. Dunne*, 264 Ill. App. 415; *Merrion v. O'Donnell*, 279 Ill. App. 435).

A consideration of this case brings us to the conclusion that the action of the trial court in vacating and setting aside and holding for naught the judgment by confession entered on May 3, 1938, was correct and proper, and the same is, therefore, accordingly affirmed.

*Affirmed.*