BERNARD J. ROSENBERG, Plaintiff-Appellant, *v.* LYDIA BALL *et al.*, Defendants-Appellees.

(No. 74-169; ▮▮▮▮▮▮)

Third District—May 9, 1975.

Jack A. Brunnenmeyer, of Peoria, for appellant.

Gary T. Rafool, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

A judgment by confession on a note was obtained on October 21, 1969, by plaintiff Rosenberg, as assignee, against Lydia Ball, Lyle Ball, and Judy Raineri, defendants, who were cosigners with plaintiff on the note sued upon. On April 4, 1974, the Circuit Court of Peoria County granted defendants' motion to open up or set aside the judgment, denied plaintiff's motion to dismiss defendant's motion, and ordered the judgment vacated. Plaintiff appeals, contending that the trial court erred when it summarily vacated the confessed judgment without a hearing on the merits of the case as provided for by Supreme Court Rule 276, and that defendants are barred by laches from attacking the judgment since they admit having knowledge of the judgment on January 23, 1973.

This precise question was decided in *Gillham v. Troeckler*, 304 Ill.

App. 596, 26 N.E.2d 413 (4th Dist. 1940), where the court ruled as follows:

> "[S]uit may not be maintained on the note by one co-maker who has paid the note, or *to whom it has been assigned*, against another co-maker * * *.
>
> An application to vacate a judgment by confession where the record shows such judgment to be void is not an application to the equitable powers of the court, and it is not necessary for the mover to file an affidavit of merits, or make defense upon the merits, but he need only to call the attention of the trial court to the lack of jurisdiction to enter the judgment." (Emphasis added.) 304 Ill.App. 596, 600.

Accordingly, we hold the action of the trial court here, vacating the judgment by confession, was correct and the order entered should be affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.