ZIMMERMAN EQUIPMENT COMPANY, Plaintiff-Appellant, *v.* F. R. ORR GRAIN COMPANY *et al.*, Defendants-Appellees.

(No. 75-13;

Third District—June 30, 1975.

Lawrence Eaton, of Monticello, for appellant.

Robert Boyd, of Ackerman, McKnelly, Marek & Boyd, of Kankakee, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff filed suit to collect on a note in Montgomery County, and while that cause was pending, obtained judgment by confession for $43,659 in Kankakee County on the same note and against the same defendants. Within 30 days defendants filed a motion to vacate the confessed judgment in Kankakee County and, as a prima facie defense, filed a motion to dismiss this cause under section 48(c) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, § 48(c)), on grounds that a prior suit on the same note between the same parties was pending in another county. The trial court set aside the judgment, and, after a hearing, granted the motion to dismiss. Plaintiff appeals from the orders setting aside the judgment and dismissing the suit.

Plaintiff contends that, under Supreme Court Rule 276 (Ill. Rev. Stat.

1973, ch. 110A, § 276), judgment by confession can be reopened only if the motion to set aside the judgment shows a prima facie defense on the merits, and thus that here the circuit court erred because no defense to the note was shown. We do not agree.

■■ In *Rosenberg v. Ball*, 28 Ill.App.3d 101, 327 N.E.2d 603 (1975), we held that a motion to set aside a confessed judgment must be granted and the cause dismissed where the motion establishes that the court lacks jurisdiction of the cause and thus that the judgment is void. A defense on the merits need not be shown, but instead it is only necessary to call the attention of the trial court to the lack of jurisdiction to enter the judgment. (See *Gillham v. Troeckler*, 304 Ill.App. 596, 26 N.E. 2d 413 (1940); *Barnard v. Michael*, 392 Ill. 130, 63 N.E.2d 858 (1945).) The same rules would apply here.

■■■ It is well established that where a suit has been filed in one county, the circuit courts of other counties must decline jurisdiction of an identical action. *People ex rel. East Side Levee & Sanitary District v. Madison County Levee & Sanitary District*, 54 Ill.2d 442, 298 N.E.2d 177 (1973); *People ex rel. Bradley v. McAuliffe*, 24 Ill.2d 75, 179 N.E.2d 616 (1962). The motion to dismiss for want of jurisdiction filed with the motion to set aside the judgment was a proper method of placing the question of jurisdiction before the court.

Plaintiff also contends that both parties have agreed that Montgomery County lacks venue of this action and that Kankakee County is the correct forum. In support of this argument attention is directed to defendants' "motion to transfer to proper venue" filed in the Montgomery County suit, requesting a transfer of the cause to Kankakee County, and to plaintiff's affidavit in the Kankakee County proceeding reciting facts which show venue in that county. However, the record shows that plaintiff has not agreed to a change of venue in the Montgomery County suit and thus the Circuit Court of Montgomery County retains jurisdiction of this cause.

The Circuit Court in Kankakee County cannot dismiss a suit in Montgomery County where the record there shows jurisdiction of parties, and thus, while the prior action is pending, the Kankakee County Circuit Court can only refuse to entertain this suit for lack of jurisdiction. *People ex rel. Lehman v. Lehman*, 34 Ill.2d 286, 215 N.E.2d 806 (1966); *Barnard v. Michael*.

We therefore hold that the orders entered by the circuit court were correct and are hereby affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.