TRI-STATE BANK, Plaintiff-Appellant, *v.* BLUE RIBBON SADDLE SHOP, INC., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 78-987

Opinion filed September 20, 1979.

Michael B. Nash and Kenneth M. Lodge, both of Burke, Nash and Shea, Ltd., of Chicago, for appellant.

Myron Minuskin and Roderick F. Mollison, both of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Tri-State Bank, brought an action in the circuit court of Cook County against defendants, Blue Ribbon Saddle Shop, Inc. and Morris Suson, to recover money due on a note and security agreement executed by defendants. Plaintiff also sought injunctive relief to protect the collateral securing the note. After plaintiff had obtained a confession of judgment on the note, defendants moved to dismiss the complaint on the ground that the note sued upon had been marked "cancelled upon renewal." At the conclusion of hearings on defendants' motion to dismiss, the trial court vacated the judgment by confession and dismissed the action with prejudice.

On appeal, plaintiff questions the sufficiency of defendants' motion to dismiss in connection with the opening of the judgment by confession.

Plaintiff also contends that the trial court erred in vacating the judgment by confession and dismissing the action without granting plaintiff leave to amend its complaint.

We reverse the orders of the trial court vacating the confession of judgment and dismissing plaintiff's complaint and reinstate plaintiff's judgment by confession.

In December 1974, plaintiff loaned $200,000 to defendants. To secure repayment of the loan, plaintiff took a security interest in defendants' inventory and receivables, consisting primarily of riding apparel, western wear and equestrian goods. Defendants executed a note and security agreement containing a standard confession of judgment clause.

On October 21, 1977, plaintiff filed a three-count complaint seeking a judgment by confession against defendants on a $115,000 promissory note, plus interest and attorney's fees. The complaint also sought injunctive relief to restrain defendants from removing or disposing of the collateral which secured the debt.

On October 21, 1977, the trial court awarded plaintiff judgment by confession in the amount of $124,260.82, plus costs, and entered a temporary restraining order to prevent the sale or removal of the collateral securing the debt. After the restraining order expired on November 1, 1977, plaintiff sought and was granted further orders prohibiting defendants from removing the collateral from the Blue Ribbon Saddle Shop and allowing plaintiff to inventory the goods on the premises. On November 16, 1977, an order was entered on plaintiff's motion, requiring defendants to show cause why they should not be held in contempt for failure to obey the trial court's order restraining removal of the collateral. A hearing on the rule to show cause was set for November 30, 1977.

On November 23, 1977, defendants filed an answer to the complaint for confession of judgment. As an emergency matter on November 29, 1977, the trial court heard defendants' motion for leave to withdraw their answer and file a motion to dismiss the complaint based on the ground that the note upon which judgement had been confessed was stamped "cancelled upon renewal." That day, the court allowed defendants to withdraw their answer and file their motion to dismiss the complaint. The court also vacated the judgment by confession entered on October 21, 1977, and dismissed plaintiff's complaint. However, the following day the court, on its own motion, stayed the effectiveness of the previous day's order and set the matter for further hearing.

Plaintiff presented all of the evidence considered at the November 29 and subsequent hearings. Plaintiff's president, David J. Robinson, testified that defendants had made two previous payments in reduction of the principal on the $200,000 loan. It was the practice of the bank upon

receiving from defendants a payment on the principal and a renewal note reflecting the reduced principal amount, to stamp the existing note "cancelled upon renewal."

In August of 1977, plaintiff received a check in the amount of $10,000 to be applied to defendants' indebtedness. The check was postdated to September 1, 1977. With the check, plaintiff received a new note in the principal amount of $105,000. Upon receiving this check, plaintiff stamped the $115,000 note "cancelled upon renewal" and transferred defendants' check to the Deerbrook State Bank with a notation requesting that the bank hold the check until payment became due. Plaintiff retained the $115,000 note. On September 9, 1977, the check was returned unpaid to plaintiff, and plaintiff was notified that payment on the check had been stopped by defendants. Documents from the Deerbrook State Bank indicate that the check was returned to plaintiff unpaid when payment was stopped by defendants on August 26, 1977.

At the close of the hearings on December 12, 1977, the court entered a final order reinstating the November 29 order which vacated the confession of judgment and dismissed plaintiff's complaint. Plaintiff's subsequent motion to vacate the November 29 and December 12 orders was denied and plaintiff brought this appeal.

Opinion

Plaintiff first contends that defendants' failure to open the judgment by confession in the manner set out in Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276), requires reversal in this case. Rule 276 provides that a motion or petition to open a judgment by confession shall be supported by affidavit and accompanied by a verified answer which defendant proposes to file. If the motion and affidavit set forth a prima facie defense to the action, the court shall conduct a hearing on the merits of the motion. Here, defendants' unverified pleading entitled "motion to strike and dismiss" clearly does not meet the literal requirements of Rule 276; however, the failure to strictly comply with the procedural aspects of the rule is not necessarily fatal. See *Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 350 N.E.2d 870; *Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.

In the usual case, a defense to the merits of the claim is presented in an answer accompanying the motion to open the judgment, but there is authority for the proposition that if the trial court lacked jurisdiction to enter the confessed judgment, a defense on the merits need not be shown and the jurisdictional objection may properly be raised by motion to dismiss. (See *Zimmerman Equipment Co. v. F.R. Orr Grain Co.* (1975), 29 Ill. App. 3d 921, 330 N.E.2d 881; *Rosenberg v. Ball* (1975), 28 Ill. App. 3d 101, 327 N.E.2d 603.) If the motion establishes that the court lacked

jurisdiction in the cause, the motion to set aside the confessed judgment must be granted and the cause dismissed. *Zimmerman Equipment Co. v. F. R. Orr Grain Co.* (1975), 29 Ill. App. 3d 921, 330 N.E.2d 881.

Defendants' motion to dismiss purports to question the jurisdiction of the trial court to enter a judgment by confession against defendants. Relying on *O'Toole v. Helio Products, Inc.* (1958), 17 Ill. App. 2d 82, 149 N.E.2d 795, and *Genden v. Bailen* (1934), 275 Ill. App. 382, defendants argue that where a note and the accompanying power of attorney to confess judgment against the defendants have been cancelled, the trial court lacks personal jurisdiction over the defendant and the confessed judgment is void.[1] Although this type of jurisdictional objection may properly be raised by motion to dismiss, the motion and the evidence presented in hearings thereon must substantiate that objection.

Here, defendants' motion states only that the $115,000 note was stamped "cancelled upon renewal." This cancellation stamp is apparent from the face of the note; however, the evidence presented in hearings on defendants' motion indicates that the cancellation stamp was placed on the note in anticipation of the receipt of the $10,000 represented by the postdated check on which payment was eventually stopped. Plaintiff's president stated that the note was stamped and retained by plaintiff, and the $10,000 check was transferred to defendants' bank to be held until the payment date. Before payment on the check became due, the defendants directed their bank to stop payment on the check and the check was returned to plaintiff unpaid. The defendants did not refute this testimony.

■■ It is well established that the giving of a draft or check by a debtor to the payee is not a payment or discharge of the underlying indebtedness; however, the same does constitute a conditional payment of the obligation, the condition being its collectability from the bank. (See *Consolidated Freightways v. Industrial Com.* (1971), 48 Ill. 2d 221, 269 N.E.2d 291.) The obligation is revived if the check is later dishonored. *Leavitt v. Charles R. Hearn, Inc.* (1974), 19 Ill. App. 3d 980, 312 N.E.2d 806.

■■ ■ Moreover, the giving of a note in renewal does not necessarily discharge the original note. (See *Boulter v. Joliet National Bank* (1920), 295 Ill. 594, 129 N.E. 513.) Whether the new note extinguishes the precedent debt depends on the intentions of the parties. Thus, whether the plaintiff's act of stamping the $115,000 note "cancelled upon renewal" when in receipt of defendants' renewal note and check for $10,000 had the effect of actually cancelling the old indebtedness and voiding the power

---

[1] If the trial court lacked personal jurisdiction over defendants when the confession of judgment was entered, defendants did not waive the right to challenge that judgment when they appeared generally after the judgment had been entered. See *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 366 N.E.2d 1015.

of attorney to confess judgment on that amount is a question of the intent of the parties to be determined, for purposes of defendants' motion, from the evidence presented. The notation stamped on the note is not controlling in light of conflicting evidence. The record before us convincingly reveals that the cancellation of the note sued upon was conditional on the payment of the check. In this regard, it is interesting to note that defendants have at no time alleged that the debt had been satisfied or that the check for $10,000 was not dishonored by virtue of defendants' stop payment order.

We can find no evidentiary support for the trial court's conclusion that plaintiff had presented the check for early payment in violation of its agreement with defendants or that the note sued upon has been effectively cancelled. For this reason, defendants' motion seeking to vacate the judgment by confession and dismiss the complaint should have been denied.

The trial court's orders vacating the confession of judgment and dismissing plaintiff's complaint are reversed and plaintiff's judgment by confession is reinstated and the cause is remanded for further proceedings consistent with this opinion.

Reversed, judgment reinstated and cause remanded.

JOHNSON and ROMITI, JJ., concur.