52 B.R. 582 (1985)
In the Matter of ALMARC MANUFACTURING, INC., Debtor.
Bernard C. CHAITMAN, Trustee, Plaintiff,
v.
CHICAGO BOILER COMPANY, Defendant.
Bankruptcy No. 83 B 2639, Adv. No. 85 A 100.
United States Bankruptcy Court, N.D. Illinois, E.D.
August 8, 1985.
*583 L. Judson Todhunter, Teller, Levit & Silvertrust, Chicago, Ill., for trustee.
Arthur S. Gold, Kaplan, Gold & Gallagher, Ltd., Chicago, Ill., for Chicago Boiler Co.

MEMORANDUM AND ORDER
ROBERT E. GINSBERG, Bankruptcy Judge.
The trustee appointed in this Chapter 11 case, Bernard C. Chaitman, instituted this adversary proceeding against Chicago Boiler Company to recover two alleged preferential transfers under 11 U.S.C. § 547(b). The defendant has filed a motion for summary judgment.
The facts in this case are not in dispute. The debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 24, 1983. Prior to the filing of the petition, the defendant had delivered certain goods to the debtor for use in the ordinary course of the debtor's business. The debtor paid for these goods with two separate checks. Each check raises a separate legal issue.
November 24, 1982 Check
The first check, in the amount of $6,956.52, was dated November 24, 1982 and was mailed to the defendant at about that time. Sometime thereafter, the defendant received and deposited the check. The check cleared the debtor's bank account on December 1, 1982.
Under 11 U.S.C. § 547(b), for a transaction to be avoidable as a preference the trustee must prove six elements[1]: (1) a transfer of the debtor's property (2) to or for the benefit of a creditor (3) on account of antecedent debt (4) made while the debtor was insolvent (5) on or within 90 days before the filing of the petition[2] (6) where such transfer allows the creditor to receive a greater percentage of the debtor's estate than it would have received had the transfer not taken place and had the debtor's assets been liquidated and distributed in a Chapter 7 case. The only element in dispute here is whether the debtor's check caused a transfer of funds on or within 90 days before the filing of the Chapter 11 petition.
The defendant argues that the debtor's property was transferred on the date of the check, November 24, 1982. If so, the transfer would have occurred 92 days before the filing of the petition and would not be avoidable as a preference. The trustee asserts that no transfer of the debtor's property occurred until the debtor's bank honored the check on December 1, 1982. If this contention is correct, the transfer would have occurred 85 days before the filing of the petition and would be avoidable as a preference.
The vast majority of courts that have considered this issue have held that a transfer for purposes of § 547(b) occurs on the date the debtor's bank honors the check. See, e.g., Klein v. Tabatchnick, 610 F.2d 1043, 1049 (2d Cir.1979) (interpreting section 60 of the Bankruptcy Act); Matter of Ellison (Harris v. Harbin Lumber Co.), 31 B.R. 545, 548 (Bankr.M.D.Ga.1983); Matter of Richter & Phillips Jewelers & Distributors, Inc. v. Dolly Toy Co., 31 B.R. 512, 514 (Bankr.S.D.Ohio 1983); In re Skinner Lumber Co., Inc. (Campbell v. Kimberly Clark Corp.), 27 B.R. 669, 670 (Bankr.S.C.1982); Matter of Advance Glove Manufacturing Co. (Grogan v. Chesebrough-Ponds, Inc.), 25 B.R. 521, 524-25 (Bankr.E.D.Mich.1982).[3] Some theories *584 were raised in pleadings and arguments about the applicability of § 547(e) to this transaction.[4] How this provision was thought to apply is unclear. Apparently the argument is that the relation back provision of § 547(e)(2) relates back the cashing of the check to the time of mailing, which would be more than 90 days before the petition. The legislative history of these subsections, however, restricts their application to matters involving secured transactions. See S.Rep. No. 595, 95th Cong., 2d Sess. 89 (1978); see also In re Arnett (Ray v. Security Mutual Finance Corp.), 731 F.2d 358, 362 (6th Cir.1984); Matter of Fasano/Harriss Pie Co. (Remes v. Acme Carton Corp.), 43 B.R. 871, 875 (Bankr.W.D.Mich.1984).
In any case, the issuance of a check is not a transfer. The money in the checking account is not transferred unless and until the check is cashed. U.C.C. § 3-409 (1983). To apply § 547(e)(2) here would lead to the result of a transfer being deemed to occur for preference purposes before it in fact occurs. This is a result that the drafters of the 1978 Bankruptcy Code clearly wished to avoid. See S.Rep. No. 595, 95th Cong., 2d Sess. 89 (1978). Moreover, although the Bankruptcy Code does define the term "transfer," see 11 U.S.C. § 101(48), the Code does not list the necessary events that cause a transfer to occur. Consequently, it is appropriate to consider state law on this issue. Matter of Advance Glove Mfg. Co., 25 B.R. at 524. Consistent with the majority viewpoint, Illinois statutes provide that the giving of a check does not constitute payment or discharge of the underlying indebtedness, but rather is conditional upon the honoring of the check by the drawee bank. See Ill. Ann.Stat. ch. 26, §§ 2-511, 3-409, 3-802 (Smith-Hurd 1984-85); Tri-State Bank v. Blue Ribbon Saddle Shop, Inc., 76 Ill. App.3d 445, 32 Ill.Dec. 230, 233, 395 N.E.2d 177, 180 (1979); Leavitt v. Charles R. Hearn, Inc., 19 Ill.App.3d 980, 312 N.E.2d 806, 809 (1974).
The debtor's bank did not honor the check payable to the defendant until December 1, 1982, 85 days before the filing of the bankruptcy petition. Thus, the transfer of the debtor's property took place within 90 days preceding the petition. As a result, the defendant's motion for summary judgment as to the November 24, 1982 check is denied.
December 10, 1982 Check
The defendant acknowledges that the transfer resulting from the second check it received from the debtor, in the amount of 9,823.94, dated December 10, 1982 and honored by the debtor's bank on December 16, 1982, satisfies all the elements *585 of a preference. The defendant claims, however, that the transfer of funds falls under the § 547(c)(2) exception to avoidable preferences. The pre-1984 version of § 547(c)(2) prevents the trustee from avoiding a transfer (1) made in the ordinary course of the debtor's business (2) in payment of a debt incurred by the debtor in the ordinary course of business (3) made according to ordinary business terms and (4) made not later than 45 days after such debt was incurred. It is clear that the first three elements of the exception are present. The only question is whether the transfer took place within 45 days of the time the debt was incurred.[5]
The defendant states that the check dated December 10, 1982 was a payment for goods shipped October 1, 1982 and for which an invoice required payment on November 1, 1982. The defendant argues that the debt was incurred on the date that the invoice stated payment was due, November 1, 1982. If so, the debt would have been paid within 45 days after it was incurred. The trustee argues that the debt was incurred on October 1, 1982, when the order was shipped to the defendant. If this contention is accepted, payment would not have been made within 45 days after the debt was incurred.
Again, there is a clearest majority rule on this issue. Most courts, including the United States Court of Appeals for the Seventh Circuit, have held that a debt is incurred for purposes of § 547(c)(2) when the debtor becomes legally obligated to pay. See Barash v. Public Finance Corp. 658 F.2d 504, 510 (7th Cir.1981); See also In re Gold Coast Seed (Nolden v. Van Dyke Seed Co., Inc.), 751 F.2d 1118, 1119 (9th Cir.1985); In re Wathen's Elevators (Dickinson v. Meredith), 37 B.R. 870, 871 (Bankr.W.D.Ky.1984); Richter & Phillips Jewelers, 31 B.R. at 515; In re Super Market Distributors Corp. (Artesani v. Travco Plastics Co., Inc.), 25 B.R. 63, 66 (Bankr.Mass.1982); Matter of Advance Glove, 25 B.R. at 524. The legal obligation to pay arises either on shipment or delivery, depending on the contractual agreement. Id.[6] The date of invoicing or the date payment is due is not the date the debt was incurred. Matter of Emerald Oil Co. (Sandoz v. Fred Wilson Drilling Co.), 695 F.2d 833, 837 (5th Cir.1983); Richter & Phillips Jewelers, 31 B.R. at 515. The logic of this conclusion is inescapable. If the debtor had filed Chapter 11 on October 15, 1982, before the invoice date but after the shipment date, it is hard to imagine that the defendant would have been unable to assert a claim in the case. See 11 U.S.C. §§ 101(4), (11).
In the case at bar, shipment occurred on October 1, 1982. Assuming the debt was incurred on this date, it would not have been incurred within 45 days of payment, which was at earliest on December 10, 1982.[7] The defendant does not allege the date that it received the goods, which would have been the latest date that the debtor could have been obligated to pay the defendant. Because this date has not been alleged to have fallen within the 45-day period set out in § 547(c)(2), the defendant's motion for summary judgment regarding *586 the December 10, 1982 check must be denied.
NOTES
[1] The date of the petition requires that this proceeding be governed by § 547 as it read before the 1984 amendments. See Pub.L. 98-353, § 553.
[2] The 90 day period is extended to one year in certain circumstances where the creditor receiving the transfer is an insider. See 11 U.S.C. § 547(b)(4)(B). There is no allegation that the defendant in this proceeding was an insider.
[3] This holding is limited to the time that a transfer of money in a checking account takes place for purposes of § 547(b). As indicated infra, it is unnecessary for us to determine whether a different result obtains under § 547(c)(2). See infra note 7.
[4] Sections 547(e)(1), (e)(2), and (e)(3) were not intended to apply in these circumstances. Section 547(e)(1) states:

For the purposes of this section 
(A) A transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and
(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.
Section 547(e)(2) states:
For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made 
(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of 
(i) the commencement of the case; or
(ii) 10 days after such transfer takes effect between the transferor and the transferee.
Section 547(e)(3) states:
For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.
[5] The 45 day payment restriction was omitted from § 547(c)(2) by the Bankruptcy Amendments and Federal Judiciary Act of 1984. The Act, however, is applicable only to cases filed on or after October 9, 1984. See In re Quality Holstein Leasing, Inc. (Vineyard v. Abel), 46 B.R. 70, 72 (N.D.Tex.1985). The defendant argued that the "spirit" of the 1984 Amendments should apply to this case and the 45 day requirement be dropped in this proceeding. The clear legislative direction is to the contrary. Pub.L. 98-353, § 553. Therefore, the court gives no weight whatsoever to the 1984 Amendments in deciding this matter.
[6] The difference between shipping date and delivery date is irrelevent as the goods seem to have been shipped and delivered on October 1, 1982.
[7] The defendant's brief raises the question of whether for § 547(c)(2) purposes, the transfer took place on the date the check was issued (December 10, 1982) or the date it was honored by the drawee bank (December 16, 1982). It is unclear why this issue was raised, as both dates fall within 45 days of when the defendant claimed the debt was incurred, November 1, 1982. See Bankruptcy Rule 9006(a).