**In re GLOBAL DISTRIBUTION NETWORK, INC., Debtor.**

**GLOBAL DISTRIBUTION NETWORK, INC., Plaintiff,**

v.

**STAR EXPANSION CO., et al., Defendants.**

**Bankruptcy No. 87 B 03274. Adv. No. 88 A 0665.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 10, 1990.

**158**

Timothy O'Donovan, Chicago, Ill. for Infasco Division of Ivaco.

John V. Del Gaudio, Jr., Chicago, Ill. for Global Distribution Network.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

This is an adversary proceeding to avoid and recover numerous preferences.[1] This opinion disposes of the cross-motions for summary judgement filed by the Debtor/Plaintiff, Global Distribution Network, Inc., and the Defendant, Infasco Division of Ivaco, Inc. This Court disposed of similar motions for summary judgement by Global against several other defendants in this adversary proceeding in *Global Distribution Network v. Star Expansion Co., et al., (In re Global Distribution Network, Inc.)*, 103 B.R. 949 (Bankr.N.D.Ill.1989). Infasco's only defense that requires discussion is that some of the transfers Global seeks to avoid were made before the 90 day pre-petition preference period.

Infasco has asserted two other defenses to portions of Global's original claim for $51,477.23. First, Infasco contends that $10,977.97 was transferred to IMF, Inc. and not Infasco. Second, Infasco asserts that it gave Global $19,429.28 worth of new value. Global does not quarrel with these two assertions and is no longer seeking to recover those amounts (totalling $30,-407.25) from Infasco. Global is now seeking only $21,069.98 from Infasco. Infasco has not asserted a defense to certain transfers totalling $11,821.38 and Global is entitled to judgement as to those transfers. There are, however, two transfers totalling $9,248.60 that remain the subject of dispute. It is those two transfers that Infasco argues were made outside the preference period. For the reasons set forth below, Global's motion for summary judgement against Infasco will be granted, and the defendant's cross-motion for summary judgement against Global will be denied, with respect to those two transfers.

## DISCUSSION

The Debtor filed its Chapter 11 bankruptcy petition on March 3, 1987. In 1986, the Defendant provided goods related to the Debtor's industrial fastener business. The two transfers in question were checks dated October 27, 1986, which were deposited into Infasco's account on November 28, 1986 and honored by Global's bank on December 3, 1986.

There is no dispute that the Debtor has shown that all but one of the section 547(b) requirements have been satisfied.[2] Specifi-

---

1. This adversary proceeding to determine, avoid and recover preferences is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

2. Section 547(b) provides in relevant part:

[T]he trustee may avoid any transfer of an interest of the debtor in property—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

cally, the Debtor has shown that 1) transfers of the Debtor's property were made, 2) to or for the benefit of creditors, 3) for or on account of antecedent debts, 4) while the Debtor was insolvent, and that 5) the defendants received more than they would have in a Chapter 7 liquidation. The only dispute is about one of the elements of a preference, whether the transfers were made within 90 days before the bankruptcy petition was filed.[3]

The Debtor's checks to Infasco for $4,000.00 and $5,248.60 were deposited by Infasco ninety-five days before the petition was filed, but were paid by the Debtor's bank only ninety days before the petition was filed. If the transfers were made when the checks were deposited, as Infasco argues, then the transfers may not be avoided. If the transfers were made when the checks were honored, as the Debtor contends, then all elements of section 547(b) would be satisfied.

In this Court's earlier opinion, it held that a transfer was deemed "made" at the time the check was honored by the debtor's bank. The Court stated:

As a matter of state law, the issuance of a check does not operate as an assignment of funds held by the drawee bank, and the funds in the maker's checking account are not transferred until the check is honored. Ill.Rev.Stat. ch. 26 § 3-409. *See Tri–State Bank v. Blue Ribbon Saddle Shop, Inc.*, 76 Ill.App.3d 445, [32 Ill.Dec. 230, 233] 395 N.E.2d 177, 180 (1st Dist.1979); *Leavitt v. Charles R. Hearn, Inc.*, 19 Ill.App.3d 980, 312 N.E.2d 806, 809 (1st Dist.1974). A third party may acquire rights superior to those of the payee until a check is honored by the drawee bank, and the maker

can stop payment on a check until it is honored. *In re Foreman*, 59 B.R. 145, 148 (S.D.Ohio 1986). A transfer of the Debtor's property for purposes of section 547(b), therefore, occurs when the debtor's bank honors the check rather than upon issuance of the check by the debtor. *Foreman*, 59 B.R. at 148; *In re Almarc Mfg., Inc.*, 52 B.R. 582, 585 (Bankr.N.D. Ill.1985).

*Global*, 103 B.R. at 952.

Infasco now wants the Court to abandon its previous holding and declare that a transfer is "made" for the purposes of section 547(b)(4)(A) when the creditor deposits the check rather than when the check clears the debtor's account. Infasco is located in Canada. After Infasco received the checks from Global, it deposited them in its bank in Montreal. The checks were then processed through a United States clearing house bank in accordance with international banking regulations before being honored by Global's bank in Oakbrook Terrace, Illinois. Infasco asserts that because of its location and international banking regulations the checks took longer to clear the Debtor's bank.

Infasco argues that by holding that a "transfer" occurs when the check is honored, this Court treats apparently similarly situated creditors differently. If a local creditor had deposited a check in a local bank on November 28th it would probably have cleared in fewer than five days. But because Infasco is Canadian, it took longer for the check it deposited to clear. The result of requiring Infasco to return the proceeds of that check to the estate, Infasco argues, would be to prefer some creditors (those who get checks honored quickly, for whatever reason) over others (those

---

(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition;
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

**3.** The motions for summary judgment are made pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056. Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Both of the parties have filed a statement of material facts and neither of these statements have been materially disputed.

who, like Infasco, must wait longer for deposits to clear). According to Infasco, this "preference" is directly contrary to the policy of section 547(b), which is precisely to treat all similarly situated creditors similarly.

Infasco's argument, however, oversimplifies the policy underlying section 547(b) and ignores the nature of bank checks. Section 547(b) is intended to protect Congress's plan for the distribution of a debtor's assets by providing a remedy for certain pre-bankruptcy depletions of those assets. Assets held in a bank account are not depleted when a check is delivered, but when it is honored. It is only then that other creditors are deprived of the potential benefit of those assets. *See*, Ferguson, *Does Payment by Check Constitute a Transfer Upon Delivery or Payment?*, 64 Am.Bankr.L.J. 93, 104–05 (Winter 1990).

Moreover, there is nothing inequitable about this result in view of the nature of check transactions. A creditor who accepts a check may not actually get paid if other creditors have reached the debtor's account before the check does. A garnishment summons may be served or a bankruptcy petition may be filed between the date a check is delivered and the date that check is honored. That creditor will lose even if another creditor who received his check on the same day got paid because that check was honored sooner. That result is a consequence of the nature of payments by check and not any preferred treatment. So is the result here.

Infasco has not persuaded this Court to veer from its previous holding. This Court still agrees with the majority of courts that have decided this issue that under section 547(b) a transfer occurs upon payment of the check by the drawee bank. Ferguson, 64 Am.Bankr.L.J. at 94.

## CONCLUSION

For the reasons stated above, Global's motion for summary judgement will be granted and Infasco's cross-motion for summary judgement will be denied, with respect to transfers totalling $21,069.98. With respect to the $30,407.25 balance of

the original claim, judgement will be entered in favor of the Defendant.

An appropriate order will be entered.