### In re CHICAGO, MISSOURI & WESTERN RAILWAY COMPANY, Debtor.

**Daniel R. MURRAY, Trustee, Plaintiff,**

**v.**

**CUSHING TRUCKING, INC. et al., Defendants.**

**Daniel R. MURRAY, Trustee, Plaintiff,**

**v.**

**TW COMCORP, et al., Defendants.**

**Bankruptcy No. 88 B 5141.**
**Adv. Nos. 90 A 208, 90 A 313.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 13, 1991.

1989, rather than August 21, 1989, as the controlling date.

See also 124 B.R. 769.

Donald Cassling, Timothy Chorvat of Jenner & Block, Chicago, Ill., for trustee/plaintiff.

Thomas R. Molitor, Evanston, Ill., for defendant Cushing Trucking, Inc. et al.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

Daniel Murray, the Trustee for the Chicago, Missouri, and Western Railway Company ("CM & W" or "Debtor"), has moved for partial summary judgment against defendants Cushing Trucking, Inc. ("Cushing") and TW Communication Corporation, named herein as TW ComCorp., ("TWC") (collectively the Defendants). In his motion, the Trustee seeks to establish the

existence of all of the elements necessary to establish a preferential transfer of funds under § 547 of the Bankruptcy Code[1] as to each of the Defendants. According to the Trustee, a transfer by check, for purposes of § 547(b) of the Bankruptcy Code, is not effective until the bank accepts or honors the check. For the reasons set forth herein, the court, after considering the pleadings, exhibits, and memoranda filed, finds no reason to limit the Trustee's motion to partial summary judgment and awards full summary judgment against the Defendants.[2]

## JURISDICTION AND PROCEDURE

This matter arises under § 547(b) and, accordingly, this court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 (1982 & Supp.1990). This motion constitutes a core proceeding under § 157(b)(2)(F) and is before the court for decision pursuant to local rule 2.33 of the Northern District of Illinois referring bankruptcy cases and proceedings to this court for hearing and determination.

## FACTS AND BACKGROUND

The relevant facts herein are not in dispute.[3] On January 30, 1987, Debtor issued its check No. 112506 in the amount of $1,261.46 payable to defendant TWC on an antecedent debt. Debtor's bank honored this check on January 8, 1988. Debtor also issued two checks to defendant Cushing in payment on an antecedent debt. On January 8, 1988, Debtor issued its check No. 112609 in the amount of $5622.00 to Cushing which Debtor's bank honored on January 15, 1988. On March 25, 1988, Debtor issued its check No. 114016 in the amount of $9,488.50 to Cushing which Debtor's bank honored on March 30, 1988 (collective-

ly, these checks amount to $14,866.50). Debtor subsequently filed its voluntary petition under Chapter 11 of the Bankruptcy Code on April 1, 1988. Thus, while the check to TWC was issued 92 days pre-petition and honored 82 days pre-petition, the checks to Cushing were both issued and honored within the 90 day pre-petition preference period.

## STANDARD FOR SUMMARY JUDGMENT

In order to prevail on a motion for summary judgment, the movant must meet the statutory requirements as set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056. Rule 56(c) provides in relevant part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment is appropriate only if there remains no genuine issue of material fact for trial and the movant is entitled to judgment as a matter of law. *Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1339 (7th Cir. 1985). If a non-moving party fails to establish an element essential to the case on which the non-movant has the burden of proof, summary judgment is appropriate. *Samuels v. Wilder,* 871 F.2d 1346, 1349 (7th Cir.1989). The facts alleged by the movant must be such that the court can reasonably conclude on a preponderance of the evidence that the movant is entitled to a verdict. *Anderson v. Liberty Lobby,*

---

**1.** 11 U.S.C. §§ 101–1330 (1982 & Supp.1990). All section references are to the Bankruptcy Code unless otherwise noted.

**2.** Although the Trustee requested partial summary judgment, the failure of the Defendants herein to plead the existence of any affirmative defenses under § 547(c) entitles the Trustee to full summary judgment.

**3.** Pursuant to local rule 12(*l*), the Debtor submitted statements of material facts as to which

there is no genuine issue in each of the actions consolidated herein. Neither of the Defendants submitted a statement of genuine issue pursuant to local rule 12(m). Therefore, Debtor's statements of material facts are deemed admitted as local rule 12(m) requires. *See In re Global Distrib. Network (Global Distrib. Network v. Star Expansion Co.),* 103 B.R. 949, 950 (Bankr.N.D. Ill.1989).

*Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *In re Calisoff,* 92 B.R. 346, 350–51 (Bankr.N.D.Ill.1988).

## DISCUSSION

■ In order to establish a preference under § 547(b), the Trustee must prove by a preponderance of the evidence, each of six elements with respect to the transaction in question. Specifically, the Trustee must show 1) a transfer of an interest in the debtor's property, 2) to or for the benefit of a creditor of the debtor, 3) for or on account of an antecedent debt of the debtor, 4) made while the debtor was insolvent, 5) on or within 90 days before the filing of the petition, and 6) that the transfer allowed the creditor to receive more than it would have in a Chapter 7 liquidation. The only issue in dispute is whether the Debtor's checks effected a transfer of Debtor's funds on or within 90 days of the filing of Debtor's Chapter 11 petition.

As courts in this district have previously determined, "the vast majority of courts that have considered this issue have held that a transfer for purposes of § 547(b) occurs on the date the debtor's bank honors the check." *In re Almarc Mfg., Inc. (Chaitman v. Chicago Boiler Co.),* 52 B.R. 582, 583 (Bankr.N.D.Ill.1985). *See In re Global Distrib. Network (Global Distrib. Network v. Star Expansion Co.),* 103 B.R. at 949, 952 (Bankr.N.D.Ill.1989). *See also, In re St. Louis Globe Democrat, Inc.,* 99 B.R. 946 (Bankr.E.D.Mo.1989); *In re All Am. of Ashburn, Inc. (Bonapfel v. La-Salle–Deitch Co.),* 95 B.R. 251 (Bankr.N.D. Ga.1989); *In re Sims Office Supply, Inc.,* 94 B.R. 744 (Bankr.M.D.Fla.1988); *In re AMWC (AMWC v. General Elec.),* 94 B.R. 428 (Bankr.N.D.Tex.1988); *In re Nucorp Energy, Inc.,* 92 B.R. 416 (Bankr. 9th Cir. 1988); *In re Newman Cos. (Laird v. Bartolameolli),* 83 B.R. 571 (Bankr.E.D.Wis. 1988). However, this court notes the existence of authority to the contrary, most notably the recent Sixth Circuit decision in *In re Belknap, Inc. (Official Unsecured Creditors' Comm. of Belknap v. Shaler Corp.),* 909 F.2d 879 (6th Cir.1990) (transfer of a check, for preference purposes, occurs upon delivery from debtor to creditor).

■ Notwithstanding these conflicting positions, the court need proceed no further with regard to the checks issued to defendant, Cushing. Regardless of whether the transfer upon honor rule or the transfer upon delivery rule applies, the result is the same. The application of either rule leads to the conclusion that the transfers to Cushing occurred within the 90 day preference period and, thus, were preferential transfers subject to the Trustee's avoiding powers.

■ The check to defendant TWC, on the other hand, presents the type of situation in which the court is compelled to choose among the competing positions. The fact that the check to TWC was issued 92 days pre-petition, but not honored until 82 days pre-petition clearly renders either rule dispositive. As previously stated, it is the view of the court that the transfer upon honor rule is consistent with the applicable state law regarding the operation of payments by check as well as the purposes and policies of § 547(b).

■ As the United States Supreme Court noted, the absence of any controlling federal statute allows the operation of the term "transfer" to be determined with reference to state law. *McKenzie v. Irving Trust Co.,* 323 U.S. 365, 370, 65 S.Ct. 405, 408, 89 L.Ed. 305 (1945). Although § 101(50) of the Bankruptcy Code defines the term "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary of disposing of or parting with property," it fails to list the requisite events which signal the completion of a transfer. Because the Code is silent on when a given transaction actually operates to cause a "disposing of or parting with property," it is appropriate to consider the effect of state law on this issue. *In re Almarc Mfg.,* 52 B.R. at 584.

■ "As a matter of state law, the issuance of a check does not operate as an assignment of funds held by the drawee bank, and the funds in the maker's account are not transferred until the check is hon-

ored." *In re Global Distrib. Network*, 103 B.R. at 952. Illinois statutes provide that the issuance and delivery of a check constitutes neither payment nor discharge of the underlying indebtedness, but rather, is contingent upon the drawee bank's acceptance or honor of the instrument. Ill.Rev.Stat. ch. 26, pars. 2–511, 3–409, 3–802 (1985). *See Tri–State Bank v. Blue Ribbon Saddle Shop, Inc.*, 76 Ill.App.3d 445, 32 Ill.Dec. 230, 395 N.E.2d 177 (1st Dist.1979); *Leavitt v. Charles R. Hearn, Inc.*, 19 Ill.App.3d 980, 312 N.E.2d 806 (1st Dist.1974). Prior to honor of the check, a third party may acquire rights superior to those of the named payee and the debtor, as maker, retains the ability to stop payment of the check and prevent the transfer of its funds. *In re Global Distrib. Network*, 103 B.R. at 952; *In re Foreman*, 59 B.R. 145, 148 (Bankr.S.D.Ohio 1986). Thus, under the applicable Illinois law, the debtor does not truly "dispose of or part with" the funds the check represents until debtor's bank honors the check.

Providing further support for the transfer upon honor rule are the purposes and policies underlying § 547(b). It is clearly the purpose of § 547(b) to achieve a distribution of the debtor's assets among its creditors as provided by the Bankruptcy Code and to discourage creditors from pursuing their claims against a distressed debtor, thereby enabling the debtor "to work his way out of a difficult financial situation." H.R.Rep. No. 595, 95th Cong., 1st Sess. 177–78 (1978), *reprinted in*, 1978 U.S.Code Cong. & Admin.News 5787, 6138. Under § 547(b), "[t]he key focus is the recovery of funds to the estate for the equitable distribution among creditors of equal priority." *In re Almarc Mfg. (Chaitman v. Paisano Automotive Liquids)*, 62 B.R. 684, 687 (Bankr.N.D.Ill.1986). It is in furtherance of this policy that the great majority of courts have found that, for purposes of § 547(b), no transfer occurs until the check is honored.

■ Those courts which have adopted the minority view of transfer upon delivery have done so under either of two equally untenable theories. The first theory contends that the transfer of debtor's interest in property "relates back" to delivery of the check if the check is honored within ten days of its delivery. *See In re Advance Indus.*, 63 B.R. 677, 678 (Bankr.N.D.Iowa 1986); *In re Sider Ventures & Servs. Corp.*, 47 B.R. 406 (S.D.N.Y.1985). The reasoning is that honor of the check amounts to "perfection" of an interest in debtor's property within the meaning of § 547(e)(1)(B) and serves to insulate the transaction from preference liability. However, the legislative history of § 547(e) clearly restricts its application to secured transactions, H.R.Rep. No. 595, 95th Cong., 1st Sess. 374–75 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 89 (1978), and a check is not a security interest. Ill.Rev.Stat. ch. 26, par. 1–201(37) (1985). *See In re Arnett (Ray v. Security Mut. Fin. Corp.)*, 731 F.2d 358, 362 (6th Cir.1984).

The second theory, recently announced in *In re Belknap, Inc.*, 909 F.2d 879 (6th Cir.1990), is simply an elevation of form over substance. The *Belknap* court addressed its argument to the majority view that a check is transferred on the date it is honored for § 547(b) purposes, while the same transfer, for purposes of § 547(c), is considered a transfer on the date it is received. *Id.* at 882–83. *See, e.g., In re All Am. of Ashburn, Inc.*, 95 B.R. at 252–53; *In re Nucorp Energy*, 92 B.R. at 418; *In re Almarc Mfg.*, 62 B.R. at 689 (citing broad survey of courts adopting majority view). In its rejection of this position, the *Belknap* court stated:

> There is no persuasive reason for giving the word 'transfer' a different meaning under the two subparts of section 547. * * * * To give the word 'transfer' a different meaning in those complementary subparts seems inconsistent, unworkable, and confusing.

909 F.2d at 883. However attractive this reasoning may seem, it fails to recognize the separate and distinct purposes of these very different subsections of § 547. *In re AMWC*, 94 B.R. at 431; *In re Newman Cos.*, 83 B.R. at 573 ("the legislative history of § 547(c) reflects totally different purposes and policies."); *In re Almarc Mfg.*,

**844**

62 B.R. at 687 (§§ 547(b) and 547(c) have "entirely different purposes.").

 Although the general rule of transfer upon honor works to further the intended goals of the § 547(b) preference provisions, application of this same rule to the § 547(c) exception provisions would frustrate its purpose and policy. *In re Almarc Mfg.*, 62 B.R. at 688. Unlike subsection (b), § 547(c) was intended to encourage creditors to deal with troubled businesses by providing shelters from preference liability. *Id.; Leathers v. Prime Leather Finishes,* 40 B.R. 248, 251 (D.Me.1984). *See In re Newman Cos.,* 83 B.R. at 573. In holding that a transfer, for purposes of the § 547(c) exceptions, occurs upon delivery of the check to the creditor, the *Almarc* court stated:

> [I]f creditors had to wait for checks to clear before being able to ship new goods to debtors in apparent financial difficulty, they would be discouraged from dealing with such debtors. At a minimum, the debtor's normal business flow would be disrupted, with the natural deleterious results which would flow from that disruption ensuing, if suppliers waited for the debtor's checks to clear before shipping.

62 B.R. at 689. Thus, while the general definition of transfer fulfills the goals of § 547(b), an exception to that definition is required to equally fulfill the separate and distinct purposes of the § 547(c) exceptions. Therefore, only the majority view of transfer upon honor, with its exception of transfer upon delivery for § 547(c) purposes, as adopted by this court, adequately satisfies the goals of both subsections under § 547.

### CONCLUSION

 The Trustee filed its motions for partial summary judgment against the Defendants, Cushing Trucking, Inc. and TW ComCorp., to recover the alleged preferences pursuant to § 547(b). While the court finds that the Trustee has met the summary judgment standards as to each element of § 547(b) with respect to each alleged preference, the court sees no reason to delay recovery on the proven preferential transfers given the failure of the

Defendants to raise any § 547(c) defenses. Accordingly, the court grants the Trustee full summary judgment against each of the Defendants.