**In re ALL AMERICAN OF ASHBURN, INC., Debtor.**

**Paul W. BONAPFEL, Chapter 7 Trustee for All American of Ashburn, Inc., Plaintiff,**

v.

**VENTURE MFG. CO., Defendant.**

**Bankruptcy No. 83–03719A. Adv. No. 86–0153A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 2, 1986.

David L. Hall, Slicer, Hall & Slicer, Dayton, Ohio, for defendant.

James C. Cifelli, John C. Ringhausen, Palmer, Lamberth, Bonapfel & Cifelli, P.A., Atlanta, Ga., for plaintiff.

## ORDER

W.H. DRAKE, Jr., Bankruptcy Judge.

Plaintiff/Trustee initiated this adversary proceeding on February 19, 1986 to recover an alleged preferential transfer of $2,127.00. The case is before the court on cross-motions for summary judgment by both parties. The following material facts are undisputed:

The debtor filed its original bankruptcy petition on August 18, 1983. Two payments were made by the debtor to the defendant within the 90 days before August 18, 1983. A check dated April 8 for $1,420.00 was received by the defendant on June 24, 1983 in payment of two $710.00 invoices dated March 3 and March 10 for goods shipped and delivered on those dates. This check was paid by the debtor's bank on June 29. A second check dated June 10 and also in the amount of $1,420.00 was received by the defendant on July 8, 1983 in payment of two additional $710.00 invoices dated May 2 and May 5 for goods shipped and delivered on those dates. This second check was honored and paid on July 14. The Trustee seeks to recover only $2,127.00 of the $2,840.00 total of the two transfers in recognition of a new value offset of apparently $713.00. *See* 11 U.S.C. § 547(c)(4).

In an attempt to establish its ordinary course of business defense under 11 U.S.C. § 547(c)(2), defendant accompanied its motion for summary judgment with an affidavit tending to show that such late payments were consistent with the prior course of dealing of the parties. However, the Court agrees with the Trustee that the payments in question are not excepted from the Trustee's avoidance power under § 547(c)(2) as that section read before its amendment in 1984. This case arose before the effective date of the amendments, and the pre-amendment provision applicable here required as an element of the § 547(c)(2) defense that the transfer in

question be made not later than 45 days after the debt was incurred. 11 U.S.C. § 547(c)(2)(B) (1978).

In her affidavit, defendant's office manager states that the company's invoices are payable 30 days after receipt. However, it appears to be well settled that a debt is "incurred" not when the payment becomes due but " ... whenever the debtor obtains a property interest in the consideration exchanged giving rise to the debt." 4 *Collier on Bankruptcy* ¶ 547.38 (15th ed. 1979). "[A] debt is incurred when the debtor becomes obligated to pay it, not when the creditor chooses to invoice the debtor for his work or goods." *Matter of Emerald Oil Co.*, 695 F.2d 833, 837 (5th Cir.1983).

This principle was applied by the bankruptcy court in *In re Chase & Sanborn Corp.*, 51 B.R. 736 (Bankr.S.D.Fla.1985). There, the court held that the debtor incurred the debt for coffee shipped to it on open account on the date the coffee was shipped, even though the terms of payment specified by the creditor were "net cash price due 45 days from weighing" and even though the debtor had the right within 10 days of the shipment to reject it if it did not meet specifications. *In re Chase & Sanborn Corp.*, 51 B.R. at 738. *See also In re Ramy Seed Co.*, 57 B.R. 425, 430 (Bankr.D. Minn.1985) (debt incurred when seed was shipped even though right of payment did not mature until later); *Matter of Almarc Mfg., Inc.*, 52 B.R. 582, 585 (Bankr.N.D.Ill. 1985) ("The date of invoicing or the date payment is due is not the date the debt was incurred").

■ Thus, the starting point for the forty-five day period of § 547(c)(2) is the date of shipment and delivery as shown on the invoices here. As to the time of the transfer, this Court has previously adopted the rule that delivery of a check within forty-five days after a debt is incurred satisfies the § 547(c)(2) exception (assuming the other criteria are met), so long as the check is presented within a commercially reasonable time and is honored when presented, even if actual payment occurs outside the forty-five day period. *Bonapfel v. Duo-Fast*

*Corporation, Southeast Sales and Service Division* (*In re All American of Ashburn, Inc.*), Adv. No. 86-0084A, Case No. 83-03719A (Bankr.N.D.Ga. April 17, 1986) (Drake, B.J.); *Roberson Produce Company, Inc. v. Northern Potato Sales, Inc.* (*In re Roberson Produce Company, Inc.*), Adv. No. 84-0070A, Case No. 82-00237A (Bankr.N.D.Ga. Nov. 14, 1984) (Drake, B.J.); *accord O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35, 37 (1st Cir.1984); *In re Sider Ventures & Services Corp.*, 47 B.R. 406 (S.D.N.Y.1985). The delivery of the checks to the defendant must therefore have occurred within 45 days of the invoice dates in order for the defense to apply.

■ Here, the first payment alleged to be a preference was a check received on June 24, 1983 for debts incurred on the dates of shipment, March 3 and March 10, 113 days and 106 days earlier respectively. The second payment was a check received on July 8, 1983 for debts incurred on the shipment dates of May 2 and May 5, 67 and 64 days earlier respectively. Therefore, neither of these check payments occurred within 45 days after the involved debts were incurred. Defendant consequently cannot avail itself of the § 547(c)(2) defense.

Defendant argues that summary judgment for plaintiff is still inappropriate because two elements of a preference have not been shown by the Trustee: (1) that the payments were made while the debtor was insolvent; and (2) that the payments enabled defendant to receive more than it would have under the Chapter 7 distribution. *See* 11 U.S.C. § 547(b).

As to the first issue, the Trustee has the benefit of a statutory presumption of insolvency. 11 U.S.C. § 547(f). Therefore, defendant must present some evidence to rebut the presumption. *Matter of Kennesaw Mint, Inc.*, 32 B.R. 799, 803 (Bankr.N.D.Ga. 1983). In this regard, defendant has attached to one of its briefs a copy of a letter sent to defendant by debtor's president on August 12, 1983. This letter offers an apology for late checks, speaks of "current financial difficulties," and asks that de-

fendant retain the checks for further instructions as to re-deposit or replacement.

■ Even if the Court were to leave aside the evidentiary problems of hearsay and authentication of this letter, the letter itself has no substantive probative value on the issue of insolvency. At least one court has held that a letter from a corporate officer containing representations of solvency is sufficient to rebut the statutory presumption. *In re Thomas Farm Systems, Inc.*, 18 B.R. 541 (Bankr.E.D.Pa. 1982). Here, however, the letter makes no representations of solvency but, to the contrary, speaks of current financial difficulties and expresses confidence that a resolution of the check problem is imminent. This is insufficient to overcome the § 547(f) presumption, so the insolvency element of a preference is met.

■ As to the second issue raised by the defendant, the standard for determining whether defendant received more with the transfer than he would under the Chapter 7 distribution is whether defendant, as a general unsecured creditor, will receive less than 100% of its claim in the distribution. *E.g., In re Saco Local Development Corp.*, 30 B.R. 862, 865 (Bankr.D.Maine 1983) (also holding that it is appropriate for bankruptcy court to take judicial notice of debtor's bankruptcy case as a whole in making the determination). An affidavit from the Trustee states that general unsecured creditors in this case will receive at best a nominal distribution and will in no event receive full payment. Therefore, the Court finds no genuine dispute as to this issue.

The other affirmative defenses raised by defendant's answer are also without merit. The complaint clearly stated a claim upon which relief could be granted. Furthermore, the suit was not time-barred since it was initiated within two years of the appointment of the first trustee on February 21, 1984. *See* 11 U.S.C. § 546(a).

Accordingly, it is ORDERED that defendant's motion for summary judgment be DENIED and that plaintiff's motion for summary judgment in the amount of $2,127.00 be GRANTED.