**In re W.L. MEAD, INC., Debtor(s).**

**W.L. MEAD, INC., Plaintiff,**

**v.**

**CENTRAL STATES PENSION FUND, Defendant.**

**Bankruptcy No. 84–0145.**
**Related Case 83–02239.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 9, 1986.

Suzanne C. Mandross, Toledo, Ohio, for plaintiff.

John J. Hunter, Toledo, Ohio, trustee.

L. Stewart Hastings, Jr., Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Summary Judgment filed by the Trustee in the above entitled adversary action. The parties have filed their arguments respecting the merits of this Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion For Summary Judgment should be DENIED.

## FACTS

The facts, to the extent they have been developed, do not appear to be in serious dispute. The Debtor in this case is a corporation which was previously engaged in the interstate trucking business. Although this proceeding was originally filed by the Debtor during the pendency of its Chapter 11 case, it is currently being prosecuted by the Trustee appointed by the Court subsequent to the conversion of the Debtor's case to a proceeding under Chapter 7. The Defendant is a pension fund to which the Debtor owed ongoing obligations as the result of the Debtor's labor contract with its employees.

A review of the record finds that at some time during either 1980 or 1981, the Debtor withdrew its participation from the pension funds associated with the then existing labor contract. As a result of this withdrawal, the Debtor incurred substantial obligations to the pension fund. Although the record is unclear, it appears that the Debtor may have incurred further obligations to

these funds as the result of its continued employment of persons otherwise included within the coverage of a labor contract.

In an effort to collect on these obligations, it appears that the Defendant initiated judicial action against the Debtor in state court. This action resulted in judgment in favor of the Defendant for the amount owed at the time suit was commenced. As a result of this judgment and in furtherance of its collection action, it appears that the Defendant recorded a judgment lien against certain real property owned by the Debtor. Although the Defendant admits in its Answer that it recorded its judgment lien, the record in this case does not reflect the Court issuing such a judgment, the amount of the judgment, the date on which the judgment was recorded, the place where the judgment was recorded, or the property which was owned by the Debtor in the jurisdiction or jurisdictions in which the judgment was recorded.

Because of its inability to operate at a consistent profit and the escalating size of its ongoing debts, the Debtor filed its voluntary Chapter 11 Petition with this Court on December 23, 1983. In the schedules filed with that Petition the Debtor lists the Defendant as an unsecured creditor in the amount of Seven Hundred Thirty-five Thousand and no/100 Dollars ($735,000.00). The schedules do not reflect any judgment lien which may have been taken on account of this debt. A further review of the schedules finds that the Debtor owned certain parcels of real estate. It appears that until the filing of the Defendant's lien, there were no other mortgages against these properties. It also appears that these parcels constitute a majority of the Debtor's assets. As listed on the Petition, the value of these real properties alone was approximately One Million Seventy-five Thousand and no/100 Dollars ($1,075,-000.00). The summary of assets and liabilities reflects that the Debtor had approximately Thirteen Million Forty-nine Thousand Three Hundred Twenty-four and 92/100 Dollars ($13,049,324.92) of debt. Of that amount, approximately Eight Thousand Four Hundred Thirteen and 52/100 Dollars ($8,413.52) is priority debt and approximately Two Hundred Twenty-four Thousand Nine Hundred Eighty and no/100 Dollars ($224,980.00) is secured. The summary lists approximately One Million Seven Hundred Fifty-nine Thousand Three Hundred Eighty-six and 71/100 Dollars ($1,759,386.71) in total assets.

In an effort to avoid the lien which became effective with the filing of the Defendant's judgment, the Debtor filed the above entitled adversary action. In this action, the Debtor seeks to avoid the lien on the basis that its creation constitutes a transfer of property which may be avoided under the provisions of 11 U.S.C. § 547(b). Specifically, it is alleged that the creation of the lien will enable the Defendant to receive more than it would have received in a liquidation had the judgment not been recorded. As previously indicated, the Defendant admits to having filed a judgment lien against the Debtor's property, but denies that the lien enables it to receive a disproportionate share of its obligation. Although the Defendant asserts other grounds upon which relief should not be granted, these grounds do not appear to serve as the focus of the Defendant's defense.

The Trustee has moved for summary judgment in his favor, arguing that all facts necessary to prevail in an action under 11 U.S.C. § 547(b) appear of record in this case. In support of his Motion and in addition to the records cited by the Trustee, the Trustee offers certain ledger sheets which purport to represent the Debtor's assets and liabilities during the period 1979–1983. Although these ledgers bear the Debtor's name, there is nothing in the record which reflects the identity of the person who prepared these ledgers or the circumstances under which they were prepared. The Trustee, in arguing that the Debtor was insolvent at the time the judgment was recorded, relies on these documents as well as the record in the Debtor's bankruptcy case. The Trustee also relies on the argu-

ment that the value of the properties, as reflected on the schedules, do not accurately portray the values which must be considered in adjudicating this case.

The Defendant opposes the Motion For Summary Judgment, arguing that the Trustee's exhibits are not admissible evidence which may be considered for purposes of summary judgment. The Defendant also contends that the facts found in the record do not preclude all possible dispute as to all elements of an action under 11 U.S.C. § 547(b). Specifically, it is argued that the Debtor was not insolvent at the time the judgment lien was filed. It should be noted that the Defendant has offered no independent evidence in support of its opposition to the Motion.

## LAW

■ Prior to the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, the provisions of 11 U.S.C. § 547 stated in pertinent part:

(b) ... the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of the creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title

(f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceeding the date of the filing of the petition.

The pre-amendment version of that section is applicable to this adversary proceeding, inasmuch as the Chapter 11 case was filed prior to the effective date of the amendments. *See*, P.L. 98–353 § 553(a).

■ Under these provisions, a trustee or a debtor-in-possession, *see*, 11 U.S.C. § 1107, may avoid the transfer of an interest of the debtor in property which was made to a creditor on account of an antecedent debt within ninety (90) days prior to the petition if the debtor was insolvent at the time of the transfer and if the transfer enables the creditor to receive more than they would have received in a Chapter 7 proceeding had the transfer not been made. *Allison v. First Nat. Bank & Trust Co. (In re Damon )*, 34 B.R. 626 (Bkcy.D.Kan. 1983). It is well established that the filing of a judicial lien is a transfer of an interest in property. *Evans v. Schneer (In re Evans )*, 30 B.R. 744 (Bkcy.N.D.Ohio 1983).

■ A party is entitled to a summary adjudication if they can demonstrate that there are no genuine issues as to any material fact and that they are entitled to judgment as a matter of law. *See*, Bankruptcy Rule 7056, Federal Rule of Civil Procedure 56. However, a plaintiff must be able to demonstrate all elements of a cause of action in order to prevail. *See, Chalmers v. Benson (In re Benson )*, 33 B.R. 572 (Bkcy.N.D.Ohio 1983), *Simmons v. Landon (In re Landon )*, 37 B.R. 568 (Bkcy.N. D.Ohio 1984).

In the present case, a review of the record reflects that there is a debt owed to the Defendant by the Debtor, and that this debt existed prior to the filing of the Debtor's Petition. Furthermore, the provisions of 11 U.S.C. § 547(f) establish a rebuttable presumption that the Debtor was insolvent during the ninety days preceeding the filing of the Petition. Based upon these facts, it must be concluded that the elements set forth in 11 U.S.C. § 547(b)(2) and (b)(3) have been shown.

■ However, a further review of the record finds that there is no evidence which reflects, with any degree of certainty, the remaining elements of an action under 11

U.S.C. § 547(b). Specifically, there is nothing in this case which demonstrates the existence of the Defendant's judgment or the date on which the judgment was filed. Since the filing of the judgment is the event which gives rise to the transfer, the absence of evidence as to the date of filing leaves a material question as to whether or not the transfer occurred within the time frame set forth by 11 U.S.C. § 547(b)(4)(A). Furthermore, there is nothing in the record in this case which shows that the Debtor had any property in the county where the judgment was filed. Although it is stated in argument that the judgment was filed against the Debtor's property in Franklin County, such statements do not constitute sufficient evidence, as contemplated by Federal Rule of Civil Procedure 56, of the existence of a lien against that particular property. Without such evidence, there is a question as to whether there has been a transfer of an interest of the Debtor's in property. The existence of such a question forecloses the availability of summary judgment.

■ Furthermore, the parties, in asserting the respective merits of their positions, have devoted a significant portion of their arguments to the issue of whether or not the Debtor was insolvent. In doing so, they focus their attention on the values of the properties as stated in the Petition. However, the values found on the schedules do not conform with the prices for which these properties have sold during the administration of the case. For example, one property which was valued on the schedule as worth Three Hundred Fifty Thousand and no/100 Dollars ($350,000.00) has been sold for approximately Two Hundred Fifteen Thousand and no/100 Dollars ($215,000.00). Another property which was appraised for the Trustee as worth One Hundred Seventy-seven Thousand and no/100 Dollars ($177,000.00) was listed on the schedule as worth Four Hundred Thousand and no/100 Dollars ($400,000.00). The Trustee argues that the scheduled values should be disregarded, inasmuch as they have proven to be significantly in error. The Defendant argues that they should be accepted as stated on the schedules until such time as the ultimate value of the estate is known.

The import of this foregoing dispute is found in relation to two elements of the Trustee's action. Those elements include the question of whether or not the Debtor was insolvent at the time of the transfer, and whether or not the Defendant received from the transfer more than would have been received had the transfer not been made. Turning first to the former issue, the provisions of 11 U.S.C. § 547(f) impose a presumption of insolvency during the ninety day pre-petition period, thereby relieving a plaintiff of the burden of proof on that issue. In the present case, the Defendant appears to contest that presumption based upon the figures found in the Debtor's schedules. While it is recognized that the statements made in a Debtor's schedules can constitute evidence which may be used in subsequent proceedings, the magnitude of the discrepancy between the scheduled values and the actual sale prices strongly suggests that any inference which could be drawn from the schedules is not worthy of serious consideration. If the remaining properties are sold at a price which is similar in difference to the values listed on the schedule, then it appears that the Debtor will, in fact, have been insolvent at the time the judgment was filed. In light of all the facts in this case, it cannot be said that the evidence as to solvency found in the Debtor's schedules overcomes the presumption found in 11 U.S.C. § 547(f). Accordingly, it must be concluded that the presumption of insolvency remains intact.

■ As to the issue of whether or not the Defendant received a preferential portion of its debt as a result of the transfer, it appears that the Defendant's judgment was filed against the Debtor's property located in Franklin County. This property, though having a scheduled value of Three Hundred Fifty Thousand and no/100 Dollars ($350,000.00) was sold for approximately Two Hundred Fifteen Thousand and

no/100 Dollars ($215,000.00). Since the Defendant's judgment appears to be the only lien against that property, the proceeds of that sale would, if the lien is not avoided, reduce the Defendant's scheduled debt by approximately thirty percent (30%). The remainder of the obligation would become a general unsecured debt for which any additional distributions must be received pro-rata with other such creditors.

In the present case, there has been no evidence offered which demonstrates the difference between what the Defendant received as a result of the lien and what would have been received had the lien not been taken. There has also been no showing as to what percentage of the debts owed to unsecured creditors will be paid if the lien is either avoided or allowed to remain. Such evidence is mandatory if a plaintiff is to prevail in an action under 11 U.S.C. § 547(b). Without such evidence, there remains a question of fact which is material to the determination which must ultimately be made. As has been indicated earlier in this Opinion, the presence of such a question precludes the possibility of summary judgment.

The Trustee has argued that because the filing of the judgment entitled the Defendant to look to specific property for satisfaction of the debt, it would receive one hundred percent (100%) of the approximately first thirty percent (30%) of its obligation. This, it is argued, would only require the Defendant to participate as an unsecured creditor for seventy percent (70%) of its obligation, whereas other unsecured creditors would be required to participate in that class of creditors for one hundred percent (100%) of their obligation. Inasmuch as it does not appear that unsecured creditors will be made whole, the Trustee argues that the Defendant has received, as a result of its lien, a greater percentage of the obligation than it would have received without it.

The Trustee's argument, though appearing to be an accurate representation of the facts, does not reflect the intent of 11 U.S.C. § 547(b) or the procedure which is invoked under circumstances where the avoided transfer is a pre-petition lien. A review of 11 U.S.C. § 547(b)(5) finds that in order to be avoidable, the transfer must enable "... such creditor to receive more than such creditor would receive if ... (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." The terms of this statute clearly indicate that the extent of an allegedly preferential transfer should not be measured on a bifurcated basis such as that suggested by the Trustee. Rather, the statute contemplates that the extent of the preference should be measured by the difference, if any, between what the creditor would have received in a Chapter 7 liquidation and what the creditor actually received without further participation in the distribution.

If, for example, the Defendant was permitted to retain, as a result of its lien, the proceeds from the sale (a 30% payment of its obligation), and the other unsecured creditors received in a distribution from the estate forty percent (40%) of their obligation, then the Defendant's pre-petition transfer would not, in fact, be preferential. If, however, it could be shown that the avoidance of the lien and the Defendant's participation as an unsecured creditor would only yield to such creditors twenty-five percent (25%) of their obligation, then the taking of the lien would be an avoidable transfer under 11 U.S.C. § 547(b). This does not mean that under the first example the Defendant would not be entitled to any distribution made to unsecured creditors. The Defendant's unsecured claim would only be limited in percentage to the difference between the percentage to be paid to other unsecured creditors and the percent of its entire claim which was satisfied by the pre-petition transfer. In view of this procedure, the Defendant would not, if the lien were not avoided, receive a greater percentage of its debt than would other unsecured creditors. Accordingly, it must be concluded that the Trustee's argument on this issue is without merit.

In light of the foregoing analysis, it must be concluded that summary judgment is not available at this stage in the proceeding. While there appear to be circumstances which, if proven, will entitle the Trustee to judgment, there has not been proof of sufficient facts so as to warrant summary adjudication. Similarly, the Defendant has not demonstrated adequate facts which will preclude, under any facts which might be shown by the Trustee, the Trustee's right to judgment. Except as stated in this Opinion, there remains to be established certain material elements of the provisions under which the parties have proceeded in this case. Therefore, it must be concluded that summary judgment must be denied.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Summary Judgment be, and is hereby, DENIED.