**In re SOUTHERN INDUSTRIAL BANKING CORPORATION, d/b/a Daveco, Debtor.**

**Thomas E. DuVOISIN, Liquidating Trustee, Plaintiff,**

**v.**

**John H. HOWARD, Defendant.**

**Bankruptcy No. 3–83–00372.**

**Adv. No. 3–85–0874.**

United States Bankruptcy Court, E.D. Tennessee.

June 16, 1987.

Bernstein, Susano & Stair, Tom Jones, Hunton & Williams, John Lucas, Knoxville, Tenn., for plaintiff.

McCampbell & Young, J. Christopher Kirk, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding plaintiff seeks summary judgment on an alleged voidable preference. 11 U.S.C.A. § 547 (West 1979). Plaintiff has heretofore established all the elements of § 547(b). At issue, however, is whether the "45–day ordinary course of business" exception created by § 547(c)(2) in the 1978 Code is applicable to this proceeding. That section, as of March 10, 1983, when this chapter 11 case was filed, provided as follows:

(c) The trustee may not avoid under this section a transfer—

.    .    .    .    .

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) *made not later than 45 days after such debt was incurred;*

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms.

11 U.S.C.A. § 547(c)(2) (West 1979) (emphasis added).

In 1983 Congress amended this provision to delete the 45–day requirement. The provision was deleted by § 462(c) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984) (the "1984 Act").

Section 553 of Title III of the 1984 Act, the implementing section fixing the effective dates of the amendments made to § 547, among others, provides in pertinent part as follows:

(a) Except as otherwise provided in this section the amendments made by this title shall become effective to *cases* filed 90 days after the date of the enactment of this Act. (Emphasis added.)

The date of enactment of the 1984 Act was July 10, 1984. The effective date for amendments made by Title III of the 1984 Act, as fixed by § 553(a), was October 8, 1984.

The controversy in this proceeding arises over the word "cases" as used in § 553(a), i.e., whether the date the chapter 11 petition was filed (March 10, 1983) or the date the adversary proceeding was filed (March 15, 1985) controls. If the date of the filing of the chapter 11 case controls, the former 45–day rule will apply; if the date of the filing of the adversary proceeding controls, then the 1984 Act will apply, with no resulting 45–day limitation.

The defendant holds fast to the proposition that the term "cases" as used in § 553 should be broadly defined to encompass not only the title 11 bankruptcy case itself but also all "cases" arising under or related to title 11. In support of this position, defendant cites Judge Votolato's statement in *In re Brenton's Cove Development Co.,* 52 B.R. 287 (Bankr.R.I.1985). In that case the debtor filed a bankruptcy petition on Au-

gust 14, 1984. The reported opinion involves an objection to claim, a contested matter. The claimant asserted that payment to it from a fund escrowed four days prior to the petition filing would not constitute an avoidable preference because the payment arose in the ordinary course of business. In a footnote the court noted that the case was to be governed by § 547(c)(2) as amended by the 1984 Act.[1] Further, defendant points out that "case" is defined as "a general term for an action, cause, suit or controversy, at law or in equity...." Black's Law Dictionary 271 (4th ed. 1951). Finally, defendant insists that Congress' intent in selecting the word "case" in § 553(a) of the 1984 Act was not to limit its meaning to one arising under title 11. "When Congress means a case under Title 11 of the United States Code, it clearly expresses that meaning by terms such as 'cases under Title 11'.... It is obvious from this that when Congress desired to limit the term 'case' only to the 'bankruptcy case,' it knew how to do so." Defendant's Response to Plaintiff's Motion for Summary Judgment, filed April 16, 1987, at 10.

However, all this ignores the fact that the term "case" is a precise term in the bankruptcy context. In *Nordberg v. Wilcafe, Inc. (In re Chase and Sanborn Corp.)*, 51 B.R. 736 (Bankr.S.D.Fla.1985), defendants argued that the effective date provision of § 553(a) should be applied as though Congress had specified that the amendment is applicable to "adversary proceedings" filed on and after October 8, 1984, rather than bankruptcy "cases" filed after that date. Judge Britton disagreed.

This argument presupposes that Congress was unaware of the distinct meaning each of these terms has acquired in the bankruptcy law since the 1973 adoption of the bankruptcy rules, which first introduced adversary proceedings. I reject this contention.

It is apparent from a review of the 1984 Act that the two terms are used with precision in many other provisions where the context makes it clear that the terms were intended to have their customary meaning. A similar effective date provision was contained in the Bankruptcy Reform Act of 1978, Pub.L. 95-598 § 403(a), which also employed the word "case" and provided that all matters and proceedings in or relating to any such "case" would be determined under the former Act as if the 1978 amendment had not been enacted. Without dissent, that provision has been applied literally, giving the customary bankruptcy meaning to the term "case." *Nicholson v. First Investment Co.*, 705 F.2d 410, 411 n. 1 (11th Cir.1983). There is no reason to assume less precision in the selection of the same term for the same purpose by Congress six years later....

*In re Chase & Sanborn Corp.*, 51 B.R. at 738.[2] *Accord, Langenkamp v. Saied (In re Republic Financial Corp.)*, (Bankr.N.D. Okla.1987) (to interpret § 523(a) of the 1984 amendment as urged by defendant could result in different legal standards being applied in same bankruptcy case because of a trustee's decision to file the complaints on separate dates); *W.L. Mead, Inc. v. Central States Pension Fund (In re W.L. Mead, Inc.)*, 70 B.R. 651, 654 (Bankr.N.D. Ohio 1986) (former 45-day limitation of § 547(c)(2) applies to adversary proceeding inasmuch as chapter 11 case was filed prior to effective date of the 1984 Act); *Bonapfel v. Venture Mfg. Co. (In re All American of Ashburn, Inc.)*, 65 B.R. 303 (Bankr. N.D.Ga.1986) (45-day pre-amendment subsection applies to cases filed prior to the amendment); *Calhoun v. Tom Hutton Co., Inc. (In re Gordons Transports, Inc.)*, Adv. No. 85-0137 (Bankr.W.D.Tenn. Jan. 6, 1986) (former Section 547(c)(2) controlling in adversary proceeding filed in 1985 when case was filed in 1983); *Chaitman v. Chicago Boiler Co. (In the Matter of Almarc Mfg., Inc.)*, 52 B.R. 582 (Bankr.N.D.Ill.1985) (1978 version of § 547(c)(2) applicable to a

---

1. This statement is dictum because the court concluded that § 547(c)(2) was not applicable.

2. In *Nordberg v. Sanchez (In re Chase and Sanborn Corporation)*, 813 F.2d 1177 (11th Cir. 1987), the court applied the amended version of

§ 548 in a case filed prior to the 1984 amendment in an adversary proceeding filed post-amendment. The court, however, did not address the applicability of the amendment.

preference proceeding filed in 1985 because the "chapter 11 case" was filed in 1983). *Contra Estate of Roger Lellock v. Prudential Ins. Co.*, 811 F.2d 186, 188 (3rd Cir. 1987) (court applied § 506(d) as amended by the 1984 Act in post-amendment contested matter in a case commenced in 1983); *Charisma Inv. Co. v. Air Florida System, Inc.*, 68 B.R. 596, 600 (S.D.Fla.1986) (court applied 1984 amended version of § 547(c)(2) in action filed after effective date of the amendment even though the bankruptcy case was commenced prior to the effective date of the amendment).

This court is persuaded by Judge Britton's reasoning and conclusion in *In re Chase and Sanborn, supra.* To follow defendant's position, the court would effectively be required to apply two different and separate acts to the same bankruptcy case; one act for the title 11 case itself, and one act for proceedings and cases arising thereunder. This is simply unacceptable. Parties should be able to reasonably rely upon one statute or the other. Jumping from one to the other for various aspects of the determination of the case would cause more confusion than already abounds.[3]

Therefore, for purposes of plaintiff's Motion for Summary Judgment, the court GRANTS the Motion for Partial Summary Judgment with regard to the application of the 45–day rule under the pre-amendment version of § 547(c)(2). All other issues raised in plaintiff's motion will be either set for trial or ruled upon at a later date.

IT IS SO ORDERED.

---

**3.** Citing *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), defendant insists the court should apply the law in effect (the amended version of § 547(c)(2)) at the time of decision "unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley*, 416 U.S. at 711, 94 S.Ct. at 2016. This court declines to apply § 547(c)(2) as amended by the 1984 Act because Congress has expressly stated that "the amendments ... shall become effective to cases filed 90 days after the date of enactment of the Act." Pub.L. No. 98–353, 98 Stat. 333 (1984).