**In the Matter of ALL AMERICAN OF ASHBURN, INC., Debtor.**

**Paul W. BONAPFEL, Chapter 7 Trustee for All American of Ashburn, Inc., Plaintiff,**

**v.**

**LaSALLE–DEITCH CO., INC., Defendant.**

**Bankruptcy No. A83–03719–WHD. Adv. No. 86–0100A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Jan. 24, 1989.

James C. Cifelli, Lamberth, Bonapfel, Cifelli & Willson, P.A., Atlanta, Ga., for plaintiff/trustee.

Jesse H. Austin, III, Eric W. Anderson, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This adversary proceeding is before the Court on a motion for summary judgment filed on September 6, 1988 by the plaintiff/trustee. The defendant filed its response on November 7, 1988, after obtaining an extension of time to so respond. The undisputed facts of this proceeding are as follows.

The debtor, All American of Ashburn, Inc., filed its Chapter 11 petition on August 18, 1983. The case was converted to Chapter 7 on November 20, 1985, and the plaintiff was appointed Chapter 7 trustee.

The defendant, LaSalle–Deitch Co., Inc. ("LaSalle"), sold some of its products to the debtor on account and received in payment 46 checks drawn on the debtor's account and honored within 90 days prior to the filing of the debtor's bankruptcy petition.

In this adversary proceeding, the trustee asserts that the transfer accomplished by the checks was a preference. In his motion for summary judgment, the trustee seeks to recover $86,714.46, which constitutes the total amount of the 46 checks, less the amount of subsequent new value given by the defendant.

In response, LaSalle asserts that summary judgment is inappropriate because there remains a disputed issue of material fact as to when the 46 checks were delivered to LaSalle. LaSalle asserts that the date of delivery of the checks constitutes the date of the transfer both for the purpose of determining whether the transfer occurred within 90 days of the filing of the petition pursuant to 11 U.S.C. § 547(b)(4) and for the purpose of determining whether the ordinary course of business exception provided by 11 U.S.C. § 547(c)(2) is available as a defense to the preference action. Thus, LaSalle argues that, by failing to show the material fact of the delivery dates of the checks, the trustee has failed to show one of the elements required to establish an avoidable preference under § 547(b) and failed to show that LaSalle's § 547(c)(2) defense would be unsuccessful as a matter of law. The Court finds that LaSalle is incorrect as to one of its arguments but correct as to the other.

■ Except for one case, all of the cases cited by LaSalle for its assertion that the date of delivery of a check is the date of the transfer dealt with the § 547(c) defenses to a preference action and not the § 547(b) list of elements required to be shown to prove that a preferential transfer occurred in the first instance. *See In re Continental Commodities, Inc.*, 841 F.2d 527 (4th Cir.1988) (transfer occurs when check is delivered for purposes of § 547(c)(2) as long as the check is presented within 30 days of delivery); *In re White River Corp.*, 799 F.2d 631 (10th Cir.1986) (same); *O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35 (1st Cir.1984) (same); *In re All American of Ashburn, Inc.*, 65 B.R. 303 (Bankr.N.D.Ga.1986). The only case cited by LaSalle which held that the date of delivery of the check constitutes the date of the transfer for purposes of the determination under § 547(b)(4)(A) of whether the transfer occurred within the 90–day preference period is *In re Kenitra, Inc.*, 797 F.2d 790 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 980 (1987). That is not the law in this Circuit. In this jurisdiction, the rule is that, for the purpose of determining whether a transfer occurred within the preference period, the date of the transfer is the date the check was honored, but, for the purpose of determining whether the § 547(c)(2) exception to

avoidance is met, the date of the transfer is the date of the delivery of the check as long as the check was presented within 30 days of its delivery and was not dishonored.

■ It appears that the first case in this Circuit to specifically reach this conclusion was *Matter of Georgia Steel, Inc.*, 38 B.R. 829 (Bankr.M.D.Ga.1984). The Ninth Circuit Bankruptcy Appellate Panel has recently urged that the same rule should apply in the Ninth Circuit, notwithstanding the fact that the decision in *Kenitra, supra*, appears to preclude such a holding. *See In re Nucorp Energy, Inc.*, 92 B.R. 416 (Bankr.App.Panel 9th Cir.1988). The rationale behind the holding that the time a transfer is deemed to have occurred will be different under different subsections of § 547 was explained in detail in the *Georgia Steel* and *Nucorp Energy* cases but can be summarized as follows:

First, the legislative history to §§ 547(c)(1) and (c)(2) provides:

Contrary to the language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of Section 547(c)(1) and (2).

124 Cong.Rec. 32–400 (1978). Thus, although Congress intended to adopt the transfer upon delivery rule for purposes of § 547(c), it did not necessarily intend to overrule earlier precedent which held that the date the check is honored is the key date for determining whether a preference occurred in the first place. *See Nicholson v. First Investment Co.*, 705 F.2d 410 (11th Cir.1983) (decided under the Bankruptcy Act).

Second, the rationale for applying a transfer upon delivery rule for purposes of §§ 547(c)(1) and (2) is that those provisions were enacted to protect ordinary business transactions and to encourage trade creditors to continue to do business with an insolvent entity or one that is a potential debtor under the Bankruptcy Code. It is consistent with such purposes to hold that the date of delivery of a check is controlling because a creditor considers itself paid at such time in the normal course of business affairs and because to hold otherwise could result in creditors requiring cash or certified checks from distressed businesses. However, the same rationale does not apply as to § 547(b) which involves the depletion of the debtor's estate, which depletion does not occur until a check is honored. *See Georgia Steel*, 38 B.R. at 834.

Thus, for purposes of § 547(b)(4)(A), the transfers in this proceeding occurred within the preference period when the checks in question were honored. It appears that the defendant does not argue that any other elements required to be shown to recover a preference are not met in this case. Therefore, the trustee has shown that the transfers in question are preferences as defined by § 547(b), and it is only when transfers are avoidable under § 547(b) that the Court is required to address the exceptions to avoidance under § 547(c).

■ For the reasons stated above, and as this Court previously held in *In re All American of Ashburn, Inc.*, 65 B.R. 303 (Bankr.N.D.Ga.1986), the date of a transfer for purposes of § 547(c)(2) is the date that a check is delivered to the creditor. The determination of the date of delivery is important under § 547(c)(2) as it existed prior to its amendment in 1984, because one element of the pre-amendment exception was that the transfer must have been made not later than forty-five days after the debt was incurred in order for the § 547(c)(2) exception to apply. 11 U.S.C. § 547(c)(2)(B) (1978). Since this bankruptcy case arose prior to the 1984 amendment, the 45–day provision of the pre-amendment version of § 547(c)(2) applies to this proceeding.

■ Both parties have provided affidavits or charts to support their positions that the 45–day provision is or is not met with regard to the transfers in question in this proceeding. The defendant argues that the issuance dates on the checks are within 45 days of the dates of the related invoices. Neither date is appropriate. The proper analysis under § 547(c)(2)(B) is

whether the checks were delivered (not issued) within 45 days of the shipment dates shown on the invoices (not necessarily the dates of the invoices themselves). *See All American*, 65 B.R. at 305 (debt is incurred for purposes of 45-day provision on date of shipment as shown on invoices).

The chart which the plaintiff included with his brief properly uses the shipment dates but improperly compares such dates to the dates that the checks in question were deposited. As stated earlier, the leading cases have held that the date of a transfer is the date that a check is delivered to a creditor as long as the check is presented within a commercially reasonable time, which the Uniform Commercial Code sets at a 30-day period. *See e.g., O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35 (1st Cir.1984). Thus, the defendant would be entitled to use the transfer upon delivery rule even if it held the checks for 30 days after receipt before presenting the checks for payment. As stated, the trustee argues that the checks were *deposited* more than 45 days after the shipment dates shown on the related invoices. However, as long as the defendant did not hold the checks for more than 30 days before presenting or depositing them, the dates of delivery will control. Thus, it is possible that the delivery date of each check was 30 days earlier than its deposit date. If this were the case, the 45-day requirement of

§ 547(c)(2)(B) could be met as to most of the transfers.

Thus, the dates of delivery of the checks remains a disputed issue of material fact and the plaintiff has not shown that the defendant's § 547(c)(2) defense is inadequate as a matter of law. The plaintiff has, however, established the elements of a preference under § 547(b), and the defendant will have the burden of proof on the elements of its § 547(c)(2) defense at trial. *See* 11 U.S.C. § 547(g).

Accordingly, it is ORDERED that the plaintiff's motion for summary judgment is DENIED; and it is

FURTHER ORDERED that defendant's request for an oral hearing on plaintiff's motion for summary judgment is DENIED as moot; and it is

FURTHER ORDERED that the parties shall prepare a consolidated pre-trial order in accordance with Bankruptcy Local Rule 730-1, N.D.Ga., within 90 days from the date of this Order or within such additional time as may be agreed upon by the parties and approved by the Court.

IT IS SO ORDERED.