In re PEMBROKE DEVELOPMENT
CORPORATION, Debtor.

PEMBROKE DEVELOPMENT
CORPORATION, Plaintiff,

v.

A.P.L. WINDOW, Defendant.

Bankruptcy No. 90–26406–BKC–SMW.
Adv. No. 90–0507–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 8, 1991.

See also 121 B.R. 660.

Raymond Ray, Fort Lauderdale, Fla., for plaintiff.

Richard P. McCusker, Fort Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Pembroke Development Corporation (the "debtor") against A.P.L. Window (the "creditor") to recover a preference, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which this Court is authorized to hear and determine all matters relating to

this case in accordance with 28 U.S.C. § 157(b)(2)(F).

The debtor is a land developer whose assets consist primarily of various parcels of real property located in Florida. On April 10, 1990, a Settlement Agreement was entered into between the debtor and the creditor settling a suit on a promissory note. Under the terms of the Settlement Agreement, the debtor was obligated to pay to the creditor the sum $36,778.23 in four monthly installments of $7345.65, with a final payment of $10,195.21 due on August 30, 1990.

On September 12, 1990, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The debtor then instituted this adversary proceeding seeking to recover as a preference a payment made to the creditor on July 9, 1990 in the amount of $7,345.00.

■ Section 547(b) of the Bankruptcy Code allows the trustee to avoid transfers of the debtor's property made before the petition was filed. The statute provides:

(b) Except as otherwise provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and

(5) that enables the such creditor to receive more than if such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). A debtor in possession is vested with all the rights, powers ˙nd duties of a trustee serving under the Bankruptcy Code. 11 U.S.C. § 1107. Accordingly, a debtor in possession has standing to prosecute a preference action under § 547(b). *See In re Wilson,* 77 B.R. 532 (Bankr.W.D.Va.1987).

The salient issues before this Court are whether the debtor was insolvent at the time the transfer was made and whether the creditor received more than it would in a liquidation of this estate under Chapter 7 of the Bankruptcy Code. The summary of debts and property filed by the debtor reflect that the debtor had listed debts totaling $20,454,017.94 and property totaling $24,379,181.44 Under § 101(31) of the Bankruptcy Code, "insolvent means with reference to an entity other than a partnership, and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property at fair valuation...." The law is well settled that the mandates of fair valuation contemplate an estimate of proceeds realizable within a reasonable time frame through either collection or sale at regular market value. *In re Continental Country Club, Inc.,* 108 B.R. 327, 331 (Bankr.M.D.Fla. 1989).

■ On the question of insolvency, the debtor is aided by 11 U.S.C. § 547(f) which provides that a debtor is presumed to be insolvent on and during the 90 day period preceding the filing of the petition. 11 U.S.C. § 547(f). Federal Rule of Evidence 301 defines the presumption as follows:

In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with the evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

Therefore, the presumption requires the creditor to introduce evidence to rebut the presumption of insolvency although the burden of proof remains with the debtor who must prove each element of a preference action by a preponderance of the evidence. *See In re Continental Country Club, Inc.,* 108 B.R. 327 (Bankr.M.D.Fla. 1989); *In re Lawrence & Erausquin, Inc.,* 80. B.R. 402 (Bankr.N.D.Ohio 1987).

To rebut the presumption of insolvency, the creditor introduced into evidence the schedules to the petition which were prepared by the debtor. The summary of debts and property indicated that at the time of filing the petition, the debtor had listed the value of its property as being $24,379,181.44, and that the debtor had listed its liabilities as being $20,454,017.94. According to the schedules, the debtor had equity of approximately $3,925,163.50 at the time the petition was filed thereby rendering the debtor solvent.

The debtor argued that the values of the properties listed on the schedules were not accurate. According to the debtor, the values of the properties listed on the schedules to the petition were based on the availability of the financing necessary to complete the development of those real estate projects. The debtor contended that the figures were based on projections of what the properties would be worth if the debtor had the opportunity to retain the properties for a period of two to five years and to complete development during that period of time. According to the debtor, absent the financing to complete development of the real properties, the actual values of the properties were quite less. Because present market conditions made it impossible for the debtor or any prospective purchaser to obtain the financing necessary to complete development, the debtor asserted that the actual values of the properties were substantially less than sum of the liabilities listed on the schedules, and the debtor was therefore insolvent.

This Court recognizes that current appraisals of a debtor's assets afford a more accurate determination of a debtor's solvency than can be had solely by reference to a balance sheet. *See In re*

*American Insulator Co.,* 60 B.R. 752, 755 (Bankr.E.D.Pa.1986). However, information provided by a debtor on the schedules to the bankruptcy petition is sufficient to rebut the presumption of insolvency. *In re Koubourlis,* 869 F.2d 1319, 1322 (9th Cir. 1989). In this instance, the debtor's schedules indicate that the value of the debtor's property exceeded the value of the debtor's liabilities by $3,925,163.50. Although the debtor contended that these values were not accurate because they did not take into account current market conditions, the debtor did not meet its burden of proof on the question of solvency. The debtor failed to introduce any evidence, such as appraisals or opinion testimony, to indicate to the Court the actual values of the real properties. The debtor merely asserted that the values as listed on the schedules were not accurate. Accordingly, this Court finds that the debtor has not proven by a preponderance of the evidence that it was insolvent at the time the transfer was made.

Based on the foregoing, this Court finds that the transfer by the debtor to the creditor may not be avoided under 11 U.S.C. § 547(b).

The Court shall enter a separate Final Judgment consistent with the findings herein.