**In re Bert A. JOHNSON, d/b/a River City Bowl, Debtor.**

**Habbo G. FOKKENA, Trustee, Plaintiff,**

v.

**WINSTON, REUBER, BYRNE, P.C., Defendant.**

Bankruptcy No. 93–41023XM.
Adv. No. 95–4035XM.

United States Bankruptcy Court, N.D. Iowa.

Dec. 6, 1995.

Habbo G. Fokkena, Trustee, Clarksville, Iowa, Pro Se.

Michael G. Byrne, Mason City, Iowa, for Defendant.

## DECISION

WILLIAM L. EDMONDS, Chief Judge.

Trustee's complaint seeks avoidance and recovery of allegedly preferential transfers from debtor to his lawyers. Trial was held November 14, 1995, in Mason City. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Habbo G. Fokkena, the trustee, appeared as his own attorney. Michael G. Byrne appeared for the defendant, Winston, Reuber & Byrne, P.C. (hereafter "FIRM"). The court now issues its decision including findings and conclusions as required by Fed.R.Bankr.P. 7052.

### Findings

Bert A. Johnson filed his chapter 11 petition on January 28, 1993. He farmed and operated a bowling alley. His attorney was Michael G. Byrne, a partner in the firm. Firm had previously represented Johnson in other matters, including his dissolution of marriage case which began in early 1991. By late January 1993, Johnson's obligation to firm for past services was approximately $12,660.00. By then, his marriage had been dissolved, and he was indebted to his former spouse for $100,000.00. He also owed the United States at least $30,000.00 for taxes. He could pay neither debt as it came due. The two creditors were pursuing collection. Pressure from the IRS led to his decision to file bankruptcy.

Firm would not represent Johnson in bankruptcy unless he made arrangements to pay his account. Byrne told him that any cash paid on the account would have to come from a third party, or it might be recoverable as a preference. On January 25, 1993, Johnson made out two checks to firm on a checking account bearing his son's name; he signed the checks using his son's name, and delivered them to firm. The checks totaled $5,000.00, and this amount was credited to Johnson's open account. Johnson had authority from his son to make the foregoing payments. On January 22, 1993, Johnson executed and delivered a promissory note to firm as a credit to the open account. To secure the note, Johnson executed and delivered to firm a mortgage on his 40–acre homestead. The mortgage was not recorded by firm until May 12, 1994. Neither party contends this is significant to this proceeding. Lack of pre-petition recording does determine the date of the transfer under 11 U.S.C. § 547(e)(1)(A) and (e)(2)(C).

In his schedules, in addition to his homestead, Johnson listed his interests in six parcels of real estate. The parcels were individ-

ually valued. The total market value for the non-exempt real estate was $1,051,000.00. Johnson scheduled personal property having an aggregate value of $139,550.00 (all figures are rounded off to the nearest dollar). Of this, he claimed $19,100.00 in value as exempt. Johnson scheduled secured creditors having total claims of $597,082.00. This figure includes the firm's claim against the homestead, although the previously referenced value of the real estate does not include the value of the homestead. *In re Wommack*, 74 B.R. 638, 640 (Bankr.N.D.Fla. 1987). Priority unsecured claims were scheduled in the amount of $57,052.00. Johnson scheduled 21 general unsecured claims, including claim of firm which was listed as unsecured in error. The other 20 claims were listed in the aggregate amount of $202,571.00. Excluding the value of exempt property, the schedules showed a total value of assets of $1,171,450.00. Total debts, including claims against exempt property, were $856,706.00. The scheduled values of property were Johnson's estimates. A bowling alley property which he valued at $350,000.00 sold later at an IRS tax sale for $175,000.00. A lot scheduled as having a value of $55,000.00 sold later for $50,000.00. The case was converted to chapter 7, on a creditor's motion, on December 17, 1993. Habbo G. Fokkena was appointed trustee.

### Discussion

■ The trustee seeks to avoid as preferences and to recover debtor's transfers to his attorney of the $5,000.00 and the security interest in the homestead. To succeed, he must prove all elements of a preference as provided in 11 U.S.C. § 547(b):

[A] trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made ... on or within 90 days before the date of the filing of the petition; ...

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ The burden of proof is on the trustee. 11 U.S.C. § 547(g). In meeting his burden as to the insolvency of the debtor at the times of the transfers, Fokkena enjoys a presumption of insolvency as the transfers of money and the mortgage interest were made within 90 days of the filing of the petition. 11 U.S.C. § 547(f). The presumption initially satisfies the trustee's burden of producing evidence on the insolvency issue. It "imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial ..." on the trustee. Fed.R.Evid. 301. Failure by firm to rebut the presumption permits the court to find in favor of the trustee on this issue without further evidence of insolvency.

Rule 301 does not specify what strength of evidence is necessary to rebut the presumption. Courts have held that "substantial evidence" is needed to rebut the presumption. *Maloney–Crawford, Inc. v. Huntco Steel, Inc. (In re Maloney–Crawford, Inc.)*, 144 B.R. 531, 534 (Bankr.N.D.Okla.1992); *Sierra Steel, Inc. v. Totten Tubes, Inc. (In re Sierra Steel, Inc.)*, 96 B.R. 275, 277 (9th Cir. BAP 1989). *See also* Russell, Bankruptcy Evidence Manual § 301.3 (1995).

Other courts have required "some evidence" of solvency to rebut the presumption. *WJM, Inc. v. Massachusetts Dept. of Public Welfare*, 840 F.2d 996, 1010 (1st Cir.1988); *In re Rustia*, 20 B.R. 131, 133 (Bankr. S.D.N.Y.1982). The latter formulation comports with the legislative history of 11 U.S.C. § 547(f). H.R.Rep. No. 595, 95th Cong., 1st Sess. 375 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 89 (1978).

■ Whether there is a significant difference between "substantial" and "some," I am not sure. I conclude that the evidence neces-

sary to rebut the presumption is that which would reasonably support a finding to the contrary. The test for a person's insolvency is whether "the sum of such entity's debts is greater than all of such entity's property, at fair valuation, exclusive of" property that may be exempted and property that debtor has transferred, concealed or removed to defraud creditors. 11 U.S.C. § 101(32).

Information from a debtor's schedules has been held sufficient to rebut the presumption of insolvency. *Pembroke Development Corp. v. A.P.L. Window (In re Pembroke Development Corp.),* 122 B.R. 610, 612 (Bankr. S.D.Fla.1991). Debtor's schedules filed in his chapter 11 case are sufficient to support a finding of solvency at the time of the transfers. The presumption was rebutted.

As the presumption was rebutted, the trustee needed to introduce evidence which by a preponderance proved the debtor's insolvency at the times of the transfers. He did not. From the proof of filing only, the court can make no inference that Johnson was insolvent at the time of the transfers. A debtor need not be insolvent to file bankruptcy. In chapter 7 cases, nearly all are. But this case was filed under chapter 11. Debtors seeking to reorganize may have reasons other than insolvency for filing— inability to pay debts as they come due or the need to adjust the debtor-creditor relationship with particular creditors such as mass tort claimants, labor unions or taxing authorities. In the present case, the basic fact of filing bankruptcy does not warrant the court's inferring debtor's insolvency prior to filing. Creation of the presumption was intended to remedy the trustee's difficulty in proving insolvency under the Bankruptcy Act of 1898. H.R.Rep. No. 595, 95th Cong., 1st Sess. 178 (1977). Congress believed that "[r]arely is a debtor solvent during the three months before bankruptcy." *Id.* But this belief must have been based on the underlying fact that most debtors are insolvent when they file. When the statutory presumption of insolvency is rebutted by evidence of solvency at filing, an inference of insolvency prior to filing is not warranted.

As the trustee introduced no evidence of insolvency, he did not meet his burden of proof on the issue. The evidence as to debtor's inability to meet certain debts as they became due is insufficient. That circumstance is the test of insolvency for involuntary bankruptcy, not the test for preference avoidance. It is true that there was some evidence introduced that two properties sold sometime later for less than their scheduled values. Such reduced sales can affect whether the evidence was sufficient to rebut. *W.L. Mead, Inc. v. Central States Pension Fund (In re W.L. Mead, Inc.),* 70 B.R. 651, 655 (Bankr.N.D.Ohio 1986). However, the trustee in the present case did not introduce sufficient evidence as to the dates and details of the sales to permit the court to determine their effect on the scheduled values.

The trustee has also failed to prove that the transfers sought to be avoided enabled the firm to receive more than it would have if there had been no transfers and the case were filed and firm received distribution under chapter 7. No evidence was introduced on this issue to support the trustee's recovery.

There was a substantial factual dispute as to whether the $5,000.00 transferred to firm was property of debtor or property of his son. Because the court finds that the trustee has failed to meet his burden on two other elements of a preference, the court need not determine whether the cash transferred was property of the debtor.

IT IS ORDERED that the complaint of Habbo G. Fokkena against Winston, Reuber, Byrne, P.C. be dismissed. Judgment shall enter accordingly.

SO ORDERED.